**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| DREAM KITCHEN & BATH SHOP, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No.: 2:22-cv-184 ) ) |
| KITCHEN AND BATH SHOP, LLC<br>    Serve:<br>    VKB Corporation, Inc.,<br>    Registered Agent<br>    13083 Autumn Willow Drive<br>    Fairfax, VA 22030; | ) ) ) ) ) ) ) |
| MZ DIGITAL MARKETING, LLC<br>    Serve:<br>    Mahir Zeynalov,<br>    Registered Agent<br>    2300 N. Pershing Drive, Suite 356<br>    Arlington, VA 22201;<br>And | ) ) ) ) ) ) ) ) |
| PANAH IBRAHIMOV<br>    Individually, | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff Dream Kitchen & Bath ("Plaintiff" or "Dream Kitchen"), through its undersigned counsel, and for its Complaint against defendants Kitchen and Bath Shop, LLC ("Kitchen and Bath"), MZ Digital Marketing, LLC ("MZ Digital"), and Panah Ibrahimov ("Ibrahimov"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for violations of the federal Computer Fraud and Abuse Act (18 U.S.C. §§ 1030 *et seq.*), false advertising in violation of the federal Lanham Act (15 U.S.C. § 1125), violations of the Virginia Computer Crimes Act (Va. Code. §§ 18.2-152.1 *et seq.*), tortious interference with business expectancy under Virginia common law, conspiracy in violation of Virginia Code § 18.2-499, and conspiracy in violation of Virginia common law.

2. Dream Kitchen's claims arise out of actions wherein Defendants engaged in a scheme to steal the business and intellectual property from a small growing company. Specifically, the Defendants have interfered with Dream Kitchen's business, baselessly threatening Dream Kitchen with legal action for a trademark that Kitchen & Bath does not own and is not enforceable, conspiring with MZ Digital to unlawfully usurp control of Dream Kitchen's email and other electronic media and communications, converting Dream Kitchen's marketing materials and customer reviews for their own purposes and to interfere with Dream Kitchen's business, and misappropriating Dream Kitchen's customer communications to steal Dream Kitchen's customer information and to take contract expectancy from Dream Kitchen.

3. Dream Kitchen is seeking injunctive and monetary relief as well as declaratory judgment of non-infringement.

## PARTIES

4. Plaintiff Dream Kitchen & Bath is a kitchen and home installation and remodeling company located at 4801A Virginia Beach Blvd., Virginia Beach, Virginia 23462.

5. Defendant Kitchen and Bath Shop, LLC ("Kitchen and Bath") is a Virginia limited liability company with its principal office located at 13083 Autumn Willow Drive, Fairfax, VA 22030.

6. Defendant MZ Digital Marketing, LLC ("MZ Digital") is a Virginia limited liability company with its principal office located at 2300 N. Pershing Drive, Suite 356, Arlington, Va. 22201.

7. Defendant Panah Ibrahimov ("Ibrahimov") is an individual who is a resident of the state of Maryland, and the owner in part or in whole of Kitchen and Bath. Panah Ibrahimov is also the applicant for United States Trademark Application No. 90337819, filed on November 23, 2020, for the word mark "KITCHEN AND BATH SHOP."

## JURISDICTION AND VENUE

8. The Court has original subject matter jurisdiction to hear this matter as the claims herein arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the federal Computer Fraud and Abuse Act (18 U.S.C. §§ 1030 *et seq.*), and pendant jurisdiction for violations of the Virginia Computer Crimes Act (Va. Code. §§ 18.2-152.1 *et seq.*), and conspiracy in violation of Va. Code § 18.2-499 and under Virginia Common Law.

9. Jurisdiction and venue are also proper as a significant and material portion of the events and harm arising out of the underlying claims took place in Virginia, and in particular in the federal Eastern District of Virginia.

## FACTUAL BACKGROUND

10. On March 12, 2020, Kitchen and Bath Shops, LLC, purchased the rights to the ongoing franchised kitchen and bath renovation business located at 4801A Virginia Beach Blvd, Virginia Beach, Va. 23462 (the "Business"). *See* Company, Share Sale and Transfer Agreement (the "Transfer Agreement") attached as Exhibit 1.

11. The Transfer Agreement further provided that the seller of the rights in the Business, Mehmet Ozturk, would not open a competing business within a twenty (20) mile radius of the Business in recognition that Ozturk continued a business operating franchises providing the same goods and services as the Business and that the Business was no longer operating under the franchise umbrella but was now a stand-alone business.

12. Kitchen and Bath Shops, LLC, has since changed its name to Dream Kitchen and Bath Shop, LLC, d/b/a Dream Kitchen & Bath Shop. *See* record from the Virginia State Corporation Commission, attached as Exhibit 2 (last accessed on April 29, 2022).

13. After the purchase of the Business, Dream Kitchen invested significant time and money in advertising and marketing.

14. After Dream Kitchen acquired the Business, Kitchen and Bath was acquired by Ibrahimov including all responsibilities to Dream Kitchen contained in the Transfer Agreement.

15. Soon thereafter, Ibrahimov and the other Defendants began a campaign to unlawfully restrict and interfere with Dream Kitchen's use of its trademark and goodwill, as well as interfering with Dream Kitchen's business expectancies by seizing Dream Kitchen's communications including work proposals to customers and taking that work from Dream Kitchen.

16. Ibrahimov baselessly asserted that Ibrahimov had a United States Trademark "registration" for "Kitchen and Bath Shop" and demanded that Dream Kitchen "cease and desist all usages of the Kitchen and Bath Shop trademark, name, and logo." *See* Exhibit 3 and *infra* details of Ibrahimov's attempt to register the descriptive and generic Mark.

**Unauthorized Seizure and Control of Dream Kitchen's Electronic Communications and Advertising**

17. Kitchen and Bath and Ibrahimov, with MZ Marketing, combined to access and seize without authorization Dream Kitchen's business email account, redirecting emails as well as interfering with Dream Kitchen's customers' ability to contact Dream Kitchen as well as finalize contracts for work already submitted to clients.

18. Work stolen by Defendants in this manner was redirected to a competing Virginia Beach kitchen and bath store established by Ibrahimov and Kitchen and Bath within the 20-mile exclusion zone contained in the Transfer Agreement.

19. Kitchen and Bath and Ibrahimov, with MZ Marketing, combined to access and copy without authorization customer testimonials posted on Dream Kitchen's electronic media marketing platform and re-posted those customer testimonials on the competing Virginia Beach store's digital marketing platform in order to unfairly compete and draw customers from Dream Kitchen.

20. When confronted about the unauthorized seizing and control of Dream Kitchen's email, Ibrahimov responded that he would only give back control of the email account when Dream Kitchen entered into a Cease and Desist Agreement sent by Ibrahimov to Dream Kitchen. *See infra* "Ibrahimov's Demand to Dream Kitchen."

21. In addition, Defendants without authorization seized control of the Google Business account set up and operated by Dream Kitchen, precluding Dream Kitchen from advertising, and communicating with customers.

## The "Kitchen & Bath Shop" Trademark Application

22. US Trademark Application No. 90337819 for "Kitchen & Bath Shop" (the "Mark") was filed on November 23, 2020, by Ibrahimov.

23. On May 16, 2021, an Office Action was issued by the United States Patent and Trademark Office ("USPTO") refusing registration of the Mark in part on the basis that "the applied-for mark is merely descriptive of a feature of the applicant's services." *See* Office Action dated May 16, 2021, attached as Exhibit 4.

24. Ibrahimov responded to the May 16 Office Action on October 20, 2021, and, in response to the refusal of registration on the basis that the Mark is "merely descriptive," Ibrahimov argued that the Mark had acquired distinctiveness through use in the marketplace. *See* response to Office Action, attached as Exhibit 5.

25. On December 18, 2021, the USPTO issued an Office Action again refusing registration of the Mark reiterating that the Mark is "merely descriptive of a feature of the applicant's services." The Office Action also found that the evidence provided by Ibrahimov in support of the allegation of acquired distinctiveness was insufficient to warrant registration, and further refusing registration on the basis that the Mark is generic. *See* December 18, 2021, Office Action attached as Exhibit 6.

26. To date, Ibrahimov has yet to respond to the December Office Action.

27. Because the Mark claimed by Ibrahimov is generic and merely descriptive, it does not serve as a valid trademark, Ibrahimov does not own it, and due to its generic and merely descriptive nature cannot provide notice to Dream Kitchen of any cognizable rights held by Ibrahimov in the Mark. The Mark is therefore incapable of being infringed by Dream Kitchen.

**Ibrahimov's Demand to Dream Kitchen**

28. On January 22, 2021, Dream Kitchen received a cease and desist letter (attached as Exhibit 7) claiming that Ibrahimov is "the registered owner of trademarks associated with Kitchen and Bath Shop, LLC" and citing to the 903378719 application as a "registration" despite Ibrahimov never obtaining registration for the Mark and, as noted above, still having no registration for the Mark.

29. The cease and desist letter also contained a draft agreement for Dream Kitchen to sign.

30. Ibrahimov has also demanded that Dream Kitchen cease use of the generic and descriptive term "bath" and if Dream Kitchen did not comply a lawsuit would be filed against it.

31. To date, Ibrahimov has continued to demand that Dream Kitchen accede to the nonexistent trademark rights that Ibrahimov asserts, including via threatening telephone calls.

## COUNT I

## VIOLATIONS OF THE FEDERAL COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030 *ET SEQ.*

32. Plaintiff hereby realleges and incorporates by reference the allegations of preceding paragraphs as if fully set forth herein.

33. Defendants intentionally accessed and obtained electronic information belonging to Dream Kitchen without authorization.

34. Defendants access and obtaining of the electronic information, including both electronic communications and marketing information belonging to Dream Kitchen caused harm to Dream Kitchen in excess of $5,000.00 during the one-year period from the date of Defendants' first seizure of the electronic information.

35. As a direct and proximate cause of the above violations, Dream Kitchen has been damaged in an amount to be proven at trial but greater than $5,000.00 within a one-year period.

## COUNT II

### False Advertising in Violation of the Federal Lanham Act (15 U.S.C. § 1125)

36. Dream Kitchen hereby realleges and incorporates by reference the allegations of preceding paragraphs as if fully set forth herein.

37. Defendants used Dream Kitchen's customers' testimonials to advertise for another, competing business.

38. The use of those testimonials were false and misleading statements of fact that were used in commercial advertising and promotion.

39. The use of the testimonials deceived and/or likely deceived the consuming public in a material way.

40. The testimonials were used in interstate commerce.

41. As a direct and proximate cause of the copying and misuse of Dream Kitchen's customers' testimonials, Dream Kitchen has been damaged in an amount to be proven at trial.

## COUNT III

### Violations of the Virginia Computer Crimes Act (Va. Code. §§ 18.2-152.1 *et seq.*)

42. Dream Kitchen hereby realleges and incorporates by reference the allegations of preceding paragraphs as if fully set forth herein.

43. Defendants, by and through their actions above, without authority temporarily and/or permanently removed, halted, and/or disabled computer data belonging to Dream Kitchen.

44. Defendants, by and through their actions above, without authority altered and/or disabled computer data belonging to Dream Kitchen.

45. Defendants, by and through their actions above, without authority used a computer and/or computer network to make and/or cause to be made unauthorized copies of electronic computer data belonging to Dream Kitchen and residing in and/or communicated by a computer and/or computer network.

46. Defendants' actions were done maliciously and with intent to harm Dream Kitchen.

47. As a direct result of Defendants' actions, Dream Kitchen has been damaged in an amount to be proven at trial.

## COUNT IV

**Tortious Interference with Business Expectancy under Virginia Common Law**

48. Dream Kitchen hereby realleges and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

49. Dream Kitchen had a valid business relationship and/or expectancy with customers it was electronically communicating with, in particular with those customers that it had provided work projections and estimates.

50. Defendants knew of those communications and the relationship between Dream Kitchen and its customers in that Defendants seized control of and intercepted those communications.

51. Defendants' actions were intentional and interfered with the business relationships.

52. As a result of Defendants' interference with its business relationships and expectancies, Dream Kitchen has been damaged in an amount to be proven at trial.

## COUNT V

**Conspiracy in Violation of Virginia Code § 18.2-499**

53. Dream Kitchen hereby realleges and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

54. By and through their actions described herein, Defendants combined, associated, agreed, and/or mutually undertook together to willfully and maliciously injure Dream Kitchen in its reputation, trade, business, and profession.

55. In particular, Kitchen and Bath, Ibrahimov, and MZ Digital mutually undertook to:

   a. Seize control of and misappropriate customer testimonials belonging to Dream Kitchen;

   b. Seize control of and misappropriate customer communications belonging to Dream Kitchen;

   c. Seize control of and misappropriate digital marketing belonging to Dream Kitchen; and

   d. Establish a business in direct competition with Dream Kitchen for the purposes of using the seized and misappropriated information to injure Dream Kitchen.

56. Defendants' actions were willful and malicious.

57. As a direct and proximate result of this conduct, Dream Kitchen has been damaged in an amount to be proven at trial.

## COUNT VI

**Conspiracy Under Virginia Common Law**

58. Dream Kitchen hereby realleges and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

59. By and through their actions described herein, Defendants combined, associated, agreed, and/or mutually undertook together to willfully and maliciously injure Dream Kitchen in its reputation, trade, business, and profession.

60. In particular, Kitchen and Bath, Ibrahimov, and MZ Digital mutually undertook to:

   a. Seize control of and misappropriate customer testimonials belonging to Dream Kitchen;

   b. Seize control of and misappropriate customer communications belonging to Dream Kitchen;

   c. Seize control of and misappropriate digital marketing belonging to Dream Kitchen; and

   d. Establish a business in direct competition with Dream Kitchen for the purposes of using the seized and misappropriated information to injure Dream Kitchen.

61. Defendants' actions were willful and malicious.

62. As a direct and proximate result of this conduct, Dream Kitchen has been damaged in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHERFORE, Plaintiffs pray that this Court enter judgment in its favor against the Defendants on all counts and as follows,

1. That the Defendants be found liable for the claims asserted;

2. That Plaintiff be entitled to compensatory damages, enhanced and exemplary damages based on Defendants willful and malicious conduct, treble damages pursuant to the applicable statutes including Va. Code § 18.2-500;

3. Attorneys' fees and costs as provided for by statute;

4. Declaratory Judgment of non-infringement of the alleged trademark "Kitchen and Bath Shop" in favor of Plaintiff; and

5. Other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand trial by jury.

Dated: April 29, 2022

By: **DREAM KITCHEN & BATH SHOP, LLC**

/s/ Duncan G. Byers
Of Counsel

Duncan G. Byers, Esq.
Va. Bar ID #48146
PATTEN, WORNOM, HATTEN & DIAMONSTEIN
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Telephone: (757) 223-4500
Facsimile: (757) 249-1627
dbyers@pwhd.com
cveals@pwhd.com
*Counsel for the Plaintiff,*
*Dream Kitchen & Bath Shop, LLC*