IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| DREAM KITCHEN & BATH SHOP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2:22-cv-184-AWA-DEM |
| v. | ) | |
| | ) | |
| KITCHEN AND BATH SHOP, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS
COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

## **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................... ii

I.   **FACTUAL BACKGROUND** ........................................................................................ 1

II.  **THE STANDARD OF REVIEW** .................................................................................. 2

III. **ARGUMENT** ................................................................................................................... 3

    A.   Count One Fails to Allege a Plausible Claim Under the Computer Fraud and Abuse Act ................................................................................................................ 3

    B.   Count Two Fails to State a Valid Lanham Act claim ....................................... 4

    C.   Count Three fails to Allege a Valid Claim Under the Virginia Computer Crimes Act ... 5

    D.   Count Four Fails to State a Valid Claim for Tortious Interference ................................ 6

    E.   Count Five Fails to State Facts Sufficient to Meet the Heightened Standard for Liability Under Va. Code Ann. § 18.2-499 ...................................................................... 8

    F.   Count Six Alleging a Common Law Conspiracy Fails to State a Valid Claim ............... 9

    G.   Venue for this Matter is Appropriate in the Alexandria Division Under Federal Statute and the Local Rules ................................................................................................ 10

IV. **CONCLUSION** ............................................................................................................... 11

# **TABLE OF AUTHORITIES**

### CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................. 2, 4, 5, 6

*Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*,
    134 S. Ct. 568 (2013) ........................................................................................................ 3

*Bass v. E.I. DuPont de Nemours & Co.*,
    324 F.3d 761 (4th Cir. 2003) ............................................................................................ 2

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................... 2, 4, 5, 9

*Carfax, Inc. v. Accu-Trade, LLC*,
    No. 1:21-cv-361, 2022 WL 657976 (E.D. Va. Mar. 4, 2022) ........................................... 2

*Commercial Bus. Systems v. Bell South*,
    249 Va. 39 (1995) ............................................................................................................. 8

*Design Resources, Inc. v. Leather Indus. of Am.*,
    789 F.3d 495 (4th Cir. 2015) ............................................................................................ 4

*Duggin v. Adams*,
    234 Va. 221, 360 S.E.2d 832 (Va. 1987) .......................................................................... 6

*East West, LLC v. Rahman*,
    873 F. Supp. 2d 721 (E.D. Va. 2012) ............................................................................... 7

*Field v. GMAC LLC*,
    660 F. Supp. 2d 679 (E.D. Va. 2008) ............................................................................... 8

*Glass v. Glass*,
    228 Va. 39, 321 S.E.2d 69 (1984) .................................................................................... 9

*Goldfarb v. Mayor & City Council of Baltimore*,
    791 F.3d 500 (4th Cir. 2015) ............................................................................................ 2

*Gov't Empls. Inc. v. Google, Inc.*
    330 F. Supp. 2d 700 .......................................................................................................... 8

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
    591 F.3d 250 (4th Cir. 2009) ........................................................................................ 3, 9

*Revene v. Charles County Comm'rs*,
    882 F.2d 870 (4th Cir. 1989) ....................................................................................2

*Smithfield Ham & Prods. Co. v. Portion Pac. Inc.*,
    905 F. Supp. 346 (E.D. Va. 1995) .............................................................................6

*Steele v. Goodman*,
    382 F. Supp. 3d 403 (E.D. Va. 2019) .........................................................................8

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506 (2002)...................................................................................................2

*Tazewell Oil Co. v. United Virginia Bank/Crestar Bank*,
    243 Va. 94 (1992) ......................................................................................................8

*United Black Firefighters v. Hirst*,
    604 F.2d 844 (4th Cir. 1979) .................................................................................2, 5

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964)...................................................................................................3

**STATUTES**

18 U.S.C. §1030(a)(5)(B) ........................................................................................................3

28 U.S.C. § 1391................................................................................................... *passim*

28 U.S.C. § 1406......................................................................................................................3

Va. Code Ann. 18.2-152.4 ...................................................................................................5, 6

Va. Code Ann. § 18.2-152.12(A)..............................................................................................5

Va. Code Ann. § 18.2-499 .......................................................................................................8

Va. Code Ann. §§ 18.2-500 .....................................................................................................8

**OTHER AUTHORITIES**

Local Rule 3(B)(1).................................................................................................................11

Local Rule 3(C).................................................................................................................10, 11

F. R. Civ. P. Rule 12 ....................................................................................................... *passim*

Defendants Kitchen and Bath Shop, LLC ("Kitchen and Bath") and Panah Ibrahimov ("Ibrahimov") (collectively, "Defendants"), submit this memorandum in support of their accompanying motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint (ECF No. 1) filed by Plaintiff Dream Kitchen & Bath Shop, LLC ("Plaintiff"), in its entirety, for failure to state a claim (the "Motion").

The Complaint contains six (6) claims under federal and Virginia law, including claims under the federal Computer Fraud and Abuse Act, federal Lanham Act, Virginia Computer Crimes Act, tortious interference with a business expectancy under Virginia common law, and conspiracy under Virginia statutory and common law. The Complaint fails to contain enough factual detail to satisfy the governing pleading standard.

## I.   FACTUAL BACKGROUND[1]

Kitchen and Bath is a Virginia limited liability company with its principal place of business in Fairfax, Virginia. (ECF No. 1, at ¶ 5). Ibrahimov is an individual, and an owner in part or in whole of Kitchen and Bath. (*Id.* at ¶7). Plaintiff also asserted claims against MZ Digital Marketing, LLC ("MZ"), a Virginia limited liability company located in Arlington, VA. (*Id.* at ¶ 6). However, MZ does not appear to have been served, and therefore does not appear to be before the Court.

The Complaint alleges that soon after Ibrahimov acquired Kitchen and Bath, Defendants and MZ began "a campaign to unlawfully restrict and interfere" with Plaintiff's use of its trademark and goodwill, and with its business expectancies by "seizing" Plaintiff's communications with customers. (*Id.* at ¶ 15). As a part of this alleged campaign, Plaintiff claims Defendants and MZ "combined to access and seize" Plaintiff's business email account, "access

---

[1] All facts are taken directly from Plaintiff's Complaint. Defendants do not admit the facts alleged in the Complaint, consider the allegations in the Complaint as true for purposes of their Motion.

and copy" customer testimonials posted on Plaintiff's "electronic media marketing platform," and "seized control of" Plaintiff's "Google Business account." (*Id.* at ¶¶ 17, 19, 21). All of these acts purportedly prevented Plaintiff from servicing its clients and/or customers through email communications and advertisements. (*Id.*).

Based on these conclusory factual allegations, Plaintiff asserts six counts against Defendants.

## II.   THE STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion, the Court need not accept, without more, legal conclusions masquerading as facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 676. "[C]ourts [generally] may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion." *Carfax, Inc. v. Accu-Trade, LLC*, No. 1:21-cv-361, 2022 WL 657976, at *3 (E.D. Va. Mar. 4, 2022) (citing *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015)). While a plaintiff is not charged with pleading facts sufficient to prove its case at trial, a plaintiff must allege facts sufficient to state all the elements of its claims. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). The Court need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule

2

12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citation omitted).

If a case is a filed in an improper venue, a party may seek dismissal and/or transfer to a proper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406. *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964) (noting that § 1406 was "broadly designed to allow transfer instead of dismissal" when venue "is wrongly or improperly laid"). In determining whether venue is "improper," the question is whether the venue requirements set forth in 28 U.S.C. § 1391 are satisfied. *See Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S. Ct. 568, 577 (2013) (finding the question to be considered is "whether a case falls into one of the categories of cases listed in § 1391(b).").

### III. ARGUMENT

#### A. Count One Fails to Allege a Plausible Claim Under the Computer Fraud and Abuse Act

Plaintiff fails to allege sufficient facts to state a plausible claim under the Computer Fraud and Abuse Act ("CFAA"). Plaintiff alleges, only in conclusory fashion, that Defendants "intentionally accessed and obtained electronic information belonging to" Plaintiff, including electronic communications and marketing information. (ECF No. 1, at ¶¶ 17-21). The Complaint fails to allege how or when Defendants gained access, what "electronic information" is at issue, and how such alleged access caused injury to Plaintiff's computer network in excess of $5,000 in a one year period. *See* 18 U.S.C. §1030(a)(5)(B). The Complaint even fails to allege that Defendants accessed a protected computer, or that any such computer was being "used in or affecting interstate or foreign commerce." *Id.* at (e)(2)(B).

3

Instead, Plaintiff relies entirely on vague and conclusory allegations that Defendants obtained unspecific "information" in an unspecified manner from an unknown location, and that the information "belonged to" Plaintiff, without any explanation how or when the information was obtained. Such a generic claim utterly lacking in specificity does not satisfy Plaintiff's obligations under *Twombly* and *Iqbal* to plead a plausible claim. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 676. Accordingly, Count One should be dismissed.

      **B.**      **Count Two Fails to State a Valid Lanham Act claim**

Plaintiff similarly fails to state a claim under the Lanham Act for false advertising. The allegations applicable to this claim are merely conclusory recitals of the elements of such a claim.

To state a valid claim, Plaintiff must allege facts sufficient to plausibly establish that: (1) Defendants made false or misleading descriptions of fact or representations of fact in a commercial advertisement about their own or another's product; (2) the misrepresentation was material, in that it was likely to influence the purchasing decision; (3) the misrepresentation actually deceived or has the tendency to deceive a substantial segment of its audience; (4) Defendant placed the false or misleading statement in interstate commerce; and (5) Plaintiff has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products. *Design Resources, Inc. v. Leather Indus. of Am.*, 789 F.3d 495, 501 (4th Cir. 2015). The Complaint fails to sufficiently allege such facts.

Plaintiff does little more than parrot the generic elements of a claim under the Lanham Act. Indeed, Plaintiff alleges that Defendants copied and re-posted Plaintiff's customer testimonials to a competitor company's electronic media marketing platform (EFC No. 1, at ¶ 19), and then regurgitates the elements of the claim: that use of those testimonials constituted false and misleading statements of fact in commercial advertising and promotion (*Id.* at ¶ 38), likely to

4

deceive the consuming public in a material way (*Id.* at ¶ 39), and that the testimonials were used in interstate commerce (*Id.* at ¶ 40). Similar to Count One, these allegations contain nothing more than "threadbare recitals of the elements," supported by "conclusory factual allegations devoid of reference to actual events." *Iqbal*, 556 U.S. at 676; *Hirst*, 604 F.2d at 847.

Plaintiff failed to identify what "testimonials" were at issue, failed to explain why they are false, why they were material, that consumers were actually deceived, how and to what extent that Plaintiff was injured. Because Plaintiff has once again failed to assert a plausible claim, Count Two should be dismissed.

      C.      **Count Three fails to Allege a Valid Claim Under the Virginia Computer Crimes Act**

Similar to the CFAA, the Virginia Computer Crimes Act ("VCCA") creates a civil cause of action only for that specific subset of violations contained within the Computer Trespass portion the otherwise criminal statute. Va. Code Ann. § 18.2-152.12(A). On the face of the Complaint, Plaintiff alleges in conclusory fashion that Defendants violated the VCCA by committing a computer trespass as defined under Va. Code Ann. § 18.2-152.4(A)(1), (3), and (6). The facts Plaintiff alleges, however, are insufficient to state a claim under Virginia law.

Under Va. Code Ann. § 18.2-152.4(A)(1) and (3), Plaintiff must establish that Defendants removed, halted, disabled, altered, or erased computer data. To support its claims, Plaintiff only alleges that Defendants "access[ed]" and "seize[d]" Plaintiff's computer data. (ECF No. 1, at ¶¶ 17, 21). These allegations are insufficiently vague and fail to satisfy Plaintiff's obligation to establish a plausible right to relief above a merely speculative level. *Twombly*, 550 U.S. at 555.

Despite Plaintiff's evident knowledge of the statutory requirements, which are recited verbatim in paragraphs 43 through 45 of the Complaint, Plaintiff is either unwilling or unable to explain how Defendants removed, halted, disabled, altered, or erased the computer data at issue.

5

Plaintiff instead relies on vague, conclusory language to allege wrongdoing. In the context of computer data, nothing about "access[ing]" or "seiz[ing]" data satisfies the statutory requirements under subsections (A)(1) and/or (A)(3). Because Plaintiff's allegations are too vague to rise above a speculative level, the claim is insufficient and must be dismissed.

Similarly, Plaintiff's elemental recitation from Subsection (A)(6) that Defendants "used a computer and/or computer network to make . . . unauthorized copies of electronic computer data" fails to state a claim under Rule 12(b)(6). (ECF No. 1, at ¶ 45). *See* Va. Code Ann. 18.2-152.4(A)(6). Despite a clear recognition that the applicable statutory subsection requires that Defendants "use a computer" to accomplish the alleged unlawful act, Plaintiff never makes any such allegations except through that elemental recitation in paragraph 45. Instead, Plaintiff's claim under subsection (A)(6) is based entirely in the allegation that Defendants "combined to access and copy without authorization customer testimonials posted on Dream Kitchen's electronic media marketing platform." (ECF No. 1, at ¶ 19). Nothing in this lone allegation plausibly alleges that Defendants used a computer or computer network to copy the customer testimonials at issue, and Plaintiff's bare recitation of the element is insufficient. *Iqbal*, 556 U.S. at 676. For these reasons Count Three should be dismissed.

      **D.**    **Count Four Fails to State a Valid Claim for Tortious Interference**

A *prima facie* claim for tortious interference with a business expectancy requires: (1) the existence of a valid contractual relationship or business expectancy, with a probability of future economic benefit to the plaintiff; (2) knowledge of the relationship or expectancy on the part of the defendant; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resulting damages. *Smithfield Ham & Prods. Co. v. Portion Pac. Inc.*, 905 F. Supp. 346, 349 (E.D. Va. 1995); *Duggin v. Adams*, 234 Va. 221, 360 S.E.2d 832,

6

836 (Va. 1987)). A plaintiff must also allege the added element that the defendant employed "improper methods in causing the alleged interference." *East West, LLC v. Rahman*, 873 F. Supp. 2d 721, 735 (E.D. Va. 2012).

Plaintiff's allegations fail to meet the *prima facie* requirements of the claim. First, Plaintiff fails to identify its customers, and then fails to allege facts which establish a valid contract or expectancy with each such customer. Plaintiff instead lumps all of its customers together as part of a generic group, and then concludes, without any factual detail, the existence of contracts or expectancies as to all.

Second, Plaintiff alleges that Defendants knew of Plaintiff's business relationships with its customers purely by virtue of Defendants' alleged seizure and interception of communications. Plaintiff therefore assumes, but fails to plausibly allege, knowledge of the relationships by Defendants, which is as essential element of the claim. This pleading strategy fails to allege critical facts, and is entirely speculative. *See* ECF No. 1, at ¶ 50. None of the allegations in the Complaint suggest that Defendants intentionally targeted any specific communications or documents in order to interfere with Plaintiff's business relationships. Instead, Plaintiff claims Defendants "seized" communications, and that such seizure *ipso facto* imbues Defendants with the necessary pre-existing knowledge of the existence of each such relationship. This failure to plead necessary foundational facts, and reliance of circular reasoning, is insufficient to state a plausible claim.

Third, Plaintiff fails to allege that Defendants' alleged interference caused or induced a breach or termination of any specific relationship or expectancy. Indeed, Plaintiff even fails to make such an allegations in its conclusory recital of the elements of the claim. *See Id.* at ¶¶ 49-51. Fourth, and finally, Plaintiff fails to allege its resulting loss or damages. Accordingly, Count Four should be dismissed.

### E. Count Five Fails to State Facts Sufficient to Meet the Heightened Standard for Liability Under Va. Code Ann. § 18.2-499

Plaintiff failed to state a claim for statutory business conspiracy because the facts alleged are insufficient to meet the heightened standard for such a claim. Under Va. Code Ann. §§ 18.2-499 and -500, Plaintiff may only recover for business conspiracy if it proves *by clear and convincing evidence* the elements of the claim. With the heightened burden of proof comes a heightened pleading standard. *See Steele v. Goodman*, 382 F. Supp. 3d 403, 423-24 (E.D. Va. 2019); *Field v. GMAC LLC*, 660 F. Supp. 2d 679, 688-689 (E.D. Va. 2008); *Gov't Empls. Inc. v. Google, Inc.* 330 F. Supp. 2d 700, 706 ("The heightened pleading standard [applied to Va. Code. Ann § 18.2-499] prevents every business dispute over unfair competition [from] becoming a business conspiracy claim.").

A plaintiff must plead and prove: (1) a combination of two or more persons; (2) acted for the purpose of willful and malicious injury to Plaintiff by any means whatever; and (3) that act resulted in damage to Plaintiff. *See* Va. Code § 18.2-499, -500; *Tazewell Oil Co. v. United Virginia Bank/Crestar Bank*, 243 Va. 94, 107 (1992). To prove malice, a plaintiff must show that the defendants acted intentionally, purposefully, and without legal justification. *Commercial Bus. Systems v. Bell South*, 249 Va. 39, 47, (1995).

Plaintiff's conclusory allegations fail to meet this heightened standard to state a claim for business conspiracy under § 18.2-499. Throughout the Complaint, Plaintiff relies on conclusory statements that Defendants "combined," "began a campaign," "associated," "agreed," and "mutually undertook" to unlawfully interfere with Plaintiff's business. ECF No. 1, at ¶¶ 15, 17, 19, 54-55. Despite Plaintiff's numerous variations, however, the Complaint lacks any factual support for this unsupported conclusion. Instead, the Complaint relies entirely on speculative,

8

conclusory claims that Defendants undertook the alleged acts together, and asks the Court to simply ignore the absence of any supporting factual detail.

The United States Supreme Court decision in *Twombly* is best remembered for its holding that the Federal Rules of Civil Procedure require that a complaint contain enough factual matter to state a claim that is "plausible on its face." 550 U.S. 544, 570 (2007). However, the opinion is particularly helpful and relevant here, because the Supreme Court performed its analysis on a complaint alleging a conspiracy to violate the antitrust laws. 550 U.S. at 553. The court held that to satisfy the burden of pleading a plausible conspiracy claim, the allegations must *both* plausibly show the existence of a conspiracy *and* "tend[] to exclude the possibility of independent action" by the alleged conspirators. *Twombly*, 550 U.S. at 557.

The bare, conclusory statements in the Complaint are insufficient to satisfy this pleading standard. Accordingly, Count Five should be dismissed for failure to state a valid claim.

### F. Count Six Alleging a Common Law Conspiracy Fails to State a Valid Claim

Plaintiff's claim for common law civil conspiracy relies on similar conclusions as its claim for statutory business conspiracy, and fails for the same reasons. A civil conspiracy is "a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means, resulting in damage to the plaintiff." *Glass v. Glass*, 228 Va. 39, 321 S.E.2d 69, 74 (1984). As detailed above, Plaintiff's unsupported assumptions that Defendants worked in concert or pursuant to any kind of understanding to accomplish the acts alleged in the Complaint are the kinds of "legal conclusions . . . and bare assertions devoid of further factual enhancement" that fail to constitute well-pled facts under Rule 12(b)(6). *See Nemet Chevrolet, Ltd.* 591 F.3d at 255.


For the reasons explained with regard to Count Five, Count Six should be dismissed for failure to state a plausible claim for civil conspiracy.

### G. Venue for this Matter is Appropriate in the Alexandria Division Under Federal Statute and the Local Rules

The Court should transfer this matter to the Eastern District of Virginia's Alexandria Division (the "Alexandria Division") because all Defendants reside in the Alexandria Division, and Plaintiff has failed to state facts sufficient to establish proper venue in the Norfolk Division. 28 U.S.C. § 1391 ("Section 1391"); Eastern District of Virginia Local Rule 3(C) (determine the proper division to bring a case within the Eastern District of Virginia).

Section 1391 states, in relevant part, that a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). The statute defines "residency" as the judicial district in which a natural person resides, and in which an entity is subject to personal jurisdiction. 28 U.S.C. § 1391(c)(1)-(2).

Under Local Rule 3(C), "judicial division" is interchangeable with "division." Accordingly, reading Section 1391 and Local Rule 3(C) in conjunction, venue is proper in the judicial *division* in which Defendants reside or in which a substantial part of the events giving rise to the complaint occurred.

The Complaint alleges that Kitchen and Bath is "a Virginia limited liability company with its principal place of business in Fairfax, Virginia." ECF No. 1, at ¶ 5. Similarly, defendant MZ is located in Arlington, Virginia. ECF No. 1, at ¶ 6. Fairfax County and Arlington County are

10

both located within the Alexandria Division's jurisdiction. *See* Local Rule 3(B)(1). Accordingly, venue is proper in the Alexandria Division.

On the other hand, the Complaint does not make any allegations regarding *where* the events giving rise to the Complaint occurred. Indeed, the Complaint merely alleges that a significant and material portion of the events and harm arising out of the Complaint took place "in Virginia, and in particular in the federal Eastern District of Virginia." (ECF No. 1, at ¶ 9).

Accordingly, because none of the defendants reside within the Norfolk Division, and the Complaint fails to adequately allege facts sufficient to show that venue is proper within the Norfolk Division, the Alexandria Division is the proper venue for this matter, and the Court should transfer this matter pursuant to Section 1391 and Local Rule 3(C).

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the instant Motion and dismiss Plaintiff's Complaint, in its entirety. In the alternative, Defendants request that this case be transferred to the Alexandria Division of the U.S. District Court for the Eastern District of Virginia.

Respectfully submitted,

*/s/ Robert C. Gill*
Robert C. Gill (VSB No. 26266)
Saul Ewing Arnstein & Lehr, LLP
1919 Pennsylvania Ave., NW, Suite 550
Washington, D.C., 20006
Tel: 202.295.6605
Facsimile: 202.295.6705
Robert.gill@saul.com

*Counsel for Defendants*
*Kitchen and Bath, LLC and Panah Ibrahimov*

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2022, a copy of the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE** was filed with the clerk and sent to the following counsel of record via the Court's ECF system:

Duncan G. Byers
Patten, Wornom, Hatten, & Diamonstein
12350 Jefferson Avenue, Ste. 300
Newport News, VA 23602
dbyers@pwhd.com
cveals@pwhd.com

*Counsel for Plaintiff*
*Dream Kitchen & Bath Shop, LLC*


/s/ Robert C. Gill
Robert C. Gill (VSB No. 26266)
Saul Ewing Arnstein & Lehr, LLP
1919 Pennsylvania Ave., NW, Suite 550
Washington, D.C., 20006
Tel: 202.295.6605
Facsimile: 202.295.6705
Robert.gill@saul.com

*Counsel for Defendants*
*Kitchen and Bath, LLC and Panah Ibrahimov*