## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | | |
|---|---|---|
| DREAM KITCHEN & BATH SHOP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:22-cv-184 |
| | ) | |
| KITCHEN AND BATH SHOP, LLC | ) | |
| | ) | |
| MZ DIGITAL MARKETING, LLC | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PANAH IBRAHIMOV | ) | |
| Individually, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

NOW COMES Plaintiff Dream Kitchen & Bath ("Dream Kitchen"), by counsel, and for its Opposition to Defendants' Motion to Dismiss Complaint or, in the Alternative, to Transfer Venue, states as follows.

### I. Defendants' Motion to Dismiss Should be Denied.

#### A. Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); see also Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."). Labels and conclusions are not enough, *Twombly*, 550 U.S. at 555, and therefore "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (*quoting Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

However, facial plausibility is met when the facts contained in a complaint support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Further, a 12(b)(6) analysis is specific to the context of the case and complaint and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193 (citation omitted).

While a complaint must meet the above standards, the court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. And a court in deciding a Rule 12(b)(6) motion to dismiss "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff." *Kensington Volunteer Fire Dept., Inc. v. Montgomery County, Md.*, 684 F.3d 462, 467 (4th Cir. 2012).

### B. Dream Kitchen Stated a Plausible Claim for Relief under the Computer Fraud and Abuse Act (the "CFAA"), 18 U.S.C. § 1030 *et seq.* (COUNT I) and the Virginia Computer Crimes Act, Va. Code § 18.2 – 152.1 *et seq.*

Defendants argue that the Complaint "fails to allege how or when defendants gained access, what "electronic information" is at issue, and how such alleged access caused injury to Plaintiff's computer network in excess of $5,000 in a one year period," *citing to* 18 U.S.C. § 1030(a)(5)(B). Dkt. 20, p. 3.

First, liability under the CFAA is not predicates solely on violations of § 1030(a)(5)(B). Second, Dream Kitchen has alleged that Defendants:

- seized Dream Kitchen's communications with customers, Dkt. 1, ¶ 15;
- accessed and seized without authorization Dream Kitchen's business email account, redirecting emails as well as interfering with [its] customers' ability to contact Dream Kitchen as well as finalize contracts for work already submitted to clients, Dkt. 1, ¶ 17;
- accessed and copied without authorization customer testimonials posted on Dream Kitchen's electronic media marketing platform and re-posted those testimonials on the competing store's digital marketing platform, Dkt. 1, ¶ 19;
- admitted to seizing the mail account and attempted to blackmail Dream Kitchen for its return, Dkt. 1, ¶ 20; and
- without authorization seized control of Dream Kitchen's Google Business account.

The access and control of social media alone has been found enough to defeat a motion to dismiss. *See Good 'Nuff Garage, LLC v. Colin McCulley et al.*, 2022 WL 4485810, *13 (E.D. Va. Sept. 26, 2022). Taking control of email communications as alleged by Dream Kitchen is also a violation. *Good 'Nuff*, 2022 WL 4485810 at *13. *See also Global Policy Partners, LLC v. Yessin*,

686 F.Supp.2d 631, 636 (E.D. Va. 2009) ("the factual allegations (i) that defendant used a password to access an e-mail account that did not belong to him and (ii) that he lacked a legitimate business reason to do so are sufficient to create a plausible inference that he acted without authorization within the meaning of the relevant statutes.)

## C. Dream Kitchen stated a plausible claim for relief under the Lanham Trademark Act.

Defendants have failed to cite to a single authority for the assertion that willfully copying testimonials from customers of Dream Kitchen and posting them as testimonials of a directly competing business does not state a plausible claim for relief under the Lanham Act. The Fourth Circuit summarized violations of § 43(a) of the Lanham Act as follows: "[i]n order to constitute a violation of § 43(a) of the Lanham Act, the contested statement or representation must be either false on its face or, although literally true, likely to mislead and to confuse consumers given the merchandising context." *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1138 (4th Cir. 1993).

Reviews taken from Dream Kitchen and used to promote a competitor's business are literally false. They are statements about products and services provided by Dream Kitchen but used to create the impression that it is the competitor's products and services that are being reviewed. Fake reviews are likely to lead to consumer confusion. *See, e.g., StoneCoat of Texas, LLC v. ProCal Stone Design, LLC*, 2019 WL 5395569, * 51 (E.D. Texas Jul. 25, 2019).

## D. Dream Kitchen stated a plausible claim for tortious interference with business expectancy.

Defendants argue that Dream Kitchen has failed to state a claim for tortious interference

with business expectancy under Count IV of the Complaint. Dream Kitchen's allegations and facts in support, however, are straightforward. Dream Kitchen had ongoing email communications with its customers via email, including emails memorializing contracts for work for clients. Dkt. 1, ¶ 17. Defendants knew about those agreements and expectations because they accessed and seized those communications. *Id*. Defendants foreclosed any further ability by Dream Kitchen to realize those business expectancies by seizing the email account, communications, and contracts with clients, *Id.*, and redirected them to a direct competitor causing Dream Kitchen to lose the contracts and business expectancies. Dkt. 1, ¶¶s 17, 18. Defendant Ibrahimov admitted to the seizure and redirection of the communications and refused to give Dream Kitchen back control of those communications and contracts (assuming that any remained) unless Dream Kitchen acceded to his demands. Dkt. 1, ¶ 20.

Dream Kitchen has therefore alleged and supported with facts sufficient to make the claim plausible that Defendants tortiously interfered with its business expectancies by showing that 1) valid relationships or expectancies existed, 2) Defendants knew of those relationships and/or expectancies, 3) that Defendants intentionally interfered with those relationships and/or expectancies, and 4) that Dream Kitchen was damaged by the loss of the work those communications encompassed.

### E. Dream Kitchen stated a plausible claim for liability under Va. Code Ann. § 18.2-499 and common law conspiracy.

Defendants contend that Dream Kitchen fails to meet the standard to state a claim for business conspiracy under Va. Code § 18.2-499 in that it must be pled with particularity. While mere conclusory language is insufficient to support a statutory claim for business conspiracy, as described above Defendants took steps, in concert, to cause the harm to Dream Kitchen. The

Complaint by Dream Kitchen, as noted above, alleges specifically that Defendants knew about Dream Kitchen's agreements and expectations because they accessed and seized those communications. They foreclosed Dream Kitchen from realizing those business expectancies by seizing the email account, communications, and contracts with clients, and redirected them to a direct competitor causing Dream Kitchen to lose the contracts and business expectancies. Co-conspirator Ibrahimov admitted to the seizure and redirection of the communications and refused to give Dream Kitchen back control of those communications and contracts (assuming that any remained) unless Dream Kitchen acceded to his demands. And while Defendants may not agree that the facts as alleged could satisfy the "ultimate pleading standard, they suffice to meet the plausibility standard applicable to [Defendants'] Rule 12(b)(6) motion." *Steele v. Goodman*, 382 F.Supp.3d 403, 424 (E.D. Va. 2019).

The same is true of Dream Kitchens' common law conspiracy claim. Contrary to Defendants' position, Dream Kitchen has plausibly alleged "a combination of [the Defendants] to accomplish an unlawful purpose by unlawful means, resulting in damage to [Dream Kitchen]." *Glass v. Glass*, 228 Va. 39, 47 (1984).

**II. Defendants Cannot Meet their Burden of Showing That a Transfer of Venue is Strongly Favored and Transfer Should Therefore be Denied.**

When evaluating a motion to dismiss for improper venue, "[t]he court need not accept the pleadings as true, but instead may consider outside evidence." *T. & B. Equip. Co. v. RI, Inc.*, No. 3:15-CV-337, 2015 WL 5013875, at *2 (E.D. Va. Aug. 24, 2015) (citations omitted). Nonetheless, "the Court must still draw all inferences in favor of the plaintiff." *Id*. When reviewing a motion to transfer venue, the Court applies four factors: "(1) the weight accorded to [the] plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest

of justice." *Trs. of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). "The party seeking transfer bears the burden of proving that the circumstances of the case are strongly in favor of transfer." *Phillips v. Uber Techs., Inc.*, No. 3:15cv544, 2016 WL 165024, at *1 (E.D. Va. Jan. 13, 2016).

A. **Plaintiff's Choice of Venue.**

A plaintiff's chosen venue deserves substantial deference for venue purposes.[1] "[A] plaintiff's 'choice of venue is entitled to substantial weight in determining whether transfer is appropriate.'" *Trustees of the Plumbers and Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015) (quoting *Bd. of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007)).

Defendants argue that venue should be transferred in part because "the Complaint does not make any allegations regarding where the events giving rise to the Complaint occurred." Dkt. 20, p. 11. That assertion appears to ignore the allegations of the Complaint (Dkt. 1) beyond ¶ 9.

Dream Kitchen's Complaint provides, in part, the following that supports the substantial deference to Dream Kitchen's choice of venue and makes it clear that Defendants' characterization is incorrect:

- This District is Dream Kitchen's home forum. Complaint (Dkt. 1), ¶ 4.
- The cause of action substantially relates to this District: the business that Dream Kitchen conducts (the "Business") is operated in this District (Dkt. 1, ¶ 10); the Business was purchased by Dream Kitchen as an ongoing franchise (*Id.*) in this District; the harm to Dream Kitchen occurred in this District including the loss of business and

---

[1] The choice of venue is not entitled to substantial weight if the venue is foreign and the case bears little or no relation to that forum," *Telepharmacy Sols., Inc. v. Pickpoint Corp.*, 238 F. Supp. 2d 741, 743 (E.D. Va. 2003), which is inapplicable to this case.

the unlawful seizure of electronic communications for work in this District (Dkt.15); defendants reached into this District attempting to claim that Dream Kitchen was infringing trademark rights that Defendants did not possess (Dkt. 1¶ 16, Dkt. 1- 3); and

- the purchase agreement provided Dream Kitchen a guarantee that no competing business would be opened or operated within a twenty (20) mile radius of the Business (Dkt. 1, 11), yet defendants captured electronic messages and customer testimonials and utilized them for a competing business within the 20 mile exclusion zone (Dkt. 1, ¶¶s 18, 19).

Defendants have not overcome this presumption, and this factor weighs in favor of denying transfer.

### B. Witness Convenience and Access.

Defendants have provided no facts or arguments in their favor under this factor and therefore have conceded that it weighs against transfer.

### C. Convenience of the Parties.

Other than asserting that Defendants do not reside in this District, Defendants do not address this factor and have therefore conceded that it weighs against transfer.

Nonetheless, even had Defendants addressed the convenience of the parties "when plaintiffs file suit in their home forum, convenience to parties rarely, if ever, operates to justify transfer" because transferring venue would merely "shift the balance of inconvenience" from one party to another. *Nardone v. National Strategic Group, LLC*, 2022 WL 853204, *3 (E.D. Va. Mar. 22, 2022), *citing JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 738 (E.D. Va. 2007) (finding that because the district in which suit was brought was the plaintiff's home forum, convenience of the

parties did not warrant transfer from the Eastern District of Virginia (Richmond Division) to the Northern District of Ohio).

**D.     Interest of Justice.**

As with factors B and C, Defendants fail to provide any argument or facts to support the notion that transfer is warranted in the interests of justice.  Defendants have therefore conceded that it weighs against transfer.

**E.     Conclusion.**

Defendants have failed to meet their burden that "[T]e party seeking transfer bears the burden of proving that the circumstances of the case are strongly in favor of transfer." *Phillips v. Uber Techs., Inc.*, 2016 WL 165024, at *1 (E.D. Va. Jan. 13, 2016) and have, in fact, waived any objection at all to three of the four factors necessary to overcome for their Motion to be successful. Transfer of venue should therefore be denied.

**WHEREFORE**, for the reasons stated herein, Plaintiff Dream Kitchen & Bath, LLC respectfully requests that this Honorable Court deny Defendants' Motion in its entirety and grant other such relief as the Court may deem proper.

October 4, 2022

DREAM KITCHEN & BATH, LLC


/s/Duncan G. Byers
　　　　　Counsel

Duncan G. Byers, Esq.
Va. Bar ID #48146
PATTEN, WORNOM, HATTEN & DIAMONSTEIN
12350 Jefferson Avenue, Suite 300
Newport News, VA  23602
Telephone:    (757) 223-4500
Facsimile:    (757) 249-1627

dbyers@pwhd.com
cveals@pwhd.com
*Counsel for the Plaintiff,*
*Dream Kitchen & Bath Shop, LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 4th day of October 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will serve via electronic service upon:

    Robert C. Gill (VSB # 26266)
    Saul Ewing Arnstein & Lehr LLP
    1919 Pennsylvania Avenue, NW, Suite 550
    Washington, DC 20006
    (202) 295-6605 telephone
    (202) 295-6705 facsimile
    Robert.gill@saul.com
    *Counsel for Defendants Kitchen and Bath*
    *Shop, LLC and Panah Ibrahimov*

    Duncan G. Byers

    /s/Duncan G. Byers
    Duncan G. Byers, Esq.
    Va. Bar ID #48146
    PATTEN, WORNOM, HATTEN &
    DIAMONSTEIN
    12350 Jefferson Avenue, Suite 300
    Newport News, VA  23602
    Telephone:   (757) 223-4500
    Facsimile:   (757) 249-1627
    dbyers@pwhd.com
    cveals@pwhd.com
    *Counsel for the Plaintiff,*
    *Dream Kitchen & Bath Shop, LLC*