

YOUNG & VALKENET
ATTORNEYS AT LAW
600 WYNDHURST AVENUE, SUITE 230
BALTIMORE, MARYLAND 21210-2449
P 410.323.0900
F 410.323.0977
www.youngandvalkenet.com

Direct dial: 410.364.4543

January 22, 2021

Via Cerfied Mail
Ilyas Celik
Kitchen and Bath Shop - Virginia Beach
4226 Plank Road
4801A Virginia Beach Blvd
Virginia Beach, VA 23462

Re:   **Notice to Cease and Desist from continued use of Kitchen and Bath Shop**
      Our Client: Panah Ibrahimov

Dear Ilyas Celik:

I represent Panah Ibrahimov, the registered owner of trademarks associated with Kitchen and Bath Shop, LLC, a Maryland entity. If you are represented by counsel, please forward this letter to your attorney and have them contact me as soon as possible. All correspondence regarding this matter should be directed to me.

Mr. Ibrahimov, acting on behalf of Kitchen and Bath Shop, LLC, is providing this written notice that you, your business entity/entities, agents and employees, shall cease and desist all usages of the Kitchen and Bath Shop trademark, name and logo **on or before April 1, 2021**.

Mr. Ibrahimov's registration with the United States Patent and Trademark Office (#90337819) grants him the rights, including but not limited to, restrict, prevent and limit the use of the Kitchen and Bath Shop.

This letter is not a demand for money. It is an opportunity for you to avoid future liability for continued unauthorized use of the Kitchen and Bath Shop trademark. However, please know that use of the trademark beyond the dates noted in the attached agreement may trigger possible monetary liability. Mr. Ibrahimov does hereby reserve all rights and remedies available to him under all applicable State and federal laws as well as trademark and patent laws.

To evidence your agreement to cease and desist use of th Kitchen and Bath trademark, I enclose a short document for your signature. It describes more specifically the activities that must stop, and confirms that your potential liability for unauthorized use of the Kitchen and Bath trademark will toll upon performance of the obligations described in the agreement.

Ilyas Celik
January 22, 2021
page 2 of 2

You should review this item with your lawyer, and return a fully exected copy to me no later than February 6, 2021. This will permit you to continue using the registered mark through April 1, 2021. Absent your favorable response on or before that date, Mr. Ibrahimov will take the necessary steps to protect his property interests, which may inclue litigation in the State or federal court.

Very truly yours,

Thomas C. Valkenet
TCV/mtf
Enc.

# AGREEMENT

THIS AGREEMENT is made by and between Panah Ibrahimov ("Mark Owner") and _____ ("Mark User").

WHEREAS, Mark Owner holds the registration for certain marks and logos associated with "Kitchen and Bath Shop" ("Registered Marks"); and

WHEREAS, Mark Owner desires that Mark User cease use of the Registered Marks; and

WHEREAS, that Mark User desires to acknowledge Mark Owner's rights, and to avoid potential litigation among the parties arising from the continued use of the Registered Marks;

NOW, THEREFORE, the parties covenant and agree:

1. <u>Acknowledgement of prohibited activities</u>: Mark User acknowledges and agrees that the following activities are subject to this agreement as they involve the Registered Mark.
    a. Any kitchenandbathshop.com and/or any associated online domain;
    b. The phrase "Kitchen and Bath Shop", "Kitchen & Bath Shop", "KBS", KNB shop" or strikingly similar marks in any logo, mark, signage, communication, advertisement, and publication;
    c. Platforms associated with a "Kitchen and Bath Shop", including, but not limited to, Google My Business accounts, Houzz accounts, Angie's List and Yelp accounts, Google Ads accounts and other call tracking and/or the usage of local directories to promote, market or communicate in the operations of this location.
    d. Any and all social media accounts associated with and identified by "Kitchen and Bath Shop" including, but not limited to, Facebook, Instagram, Pinterest, LinkedIn, YouTube and other similar online user-interactive platforms.
    e. Any and all business cards, flyers, brochures, catalogs and/or design creatives, whether produced and maintained in hard-copy or electronic format;
    f. Email signature blocks, domain or addresses that contain a manifestation or image of the Registered Mark.
    g. Any and all other hard-copy or electronic manifestations of the Registered Mark not iterated, above.

2. <u>Agreement to cease and desist</u>: Mark User shall, no later than April 1, 2021, cease use of the Registered Mark, and the activities set forth in the preceding paragraph. The cessation of use shall include, by way of example and not by limitation:
    a. Solicitation of reviews from former and current clients of the Mark User, and any other entity or location associated with Mark User;
    b. Refrain from asserting ownership or rights of use to any reviews or testimonials existing on any and all of the web and social media platforms

  described in this document that were created at a time prior to execution of this agreement;
  c. Refrain from contact with, or alteration or deletion of reviews and ratings left by former clients and users on any and all web and social media platforms described in this document;
  d. Removal of all signage, road signs, if any, and any other banners, flags or promotional marketing materials both outside and inside of Mark User's location bearing the Registered Marks or that strikingly resemble that of the Registered Marks.

3. <u>Agreement cooperate</u>: Mark User shall cooperate with Mark Owner to demonstrate compliance with this agreement by the Mark Owner, its affiliates, agents and employees. This will include completion of the on-line or hard-copy forms and applications to transfer any and all registrations, accounts and passwords to the Mark Owner.

  During the transition period between execution of this agreement and April 1, 2021, the Mark User shall not alter, rename, delete or transfer any of the domains, or registrations covered by this agreement.
4. <u>Attornment</u>: Mark User agrees to give all assurances as are reasonably required by any third-party that the Registerd Mark are the sole property of the Mark Owner, and that Mark User makes no claim to ownership or rights of use, in a form suitable to the Mark Owner and any such third-party.
5. <u>Non-Competition, Confidentiality an Non-Disparagement</u>: Mark User agrees not to publish, in any place or by any medium, disparaging or negative information that would detract from the Registered Mark or diminish it's status and reputation in the marketplace. Mark User further agree to hold in confidence all correspondence, communication, either in person, by email, by phone or other means of communication, materials, intellectual property and/or negotiations made during the period of the Mark User's use of the Registered Marks to anyone, including your employees and vendors.
6. <u>Maryland Law, Arbitration and Injunctive Relief</u>: The laws of the State of Maryland shall govern the formation, conduct and enforcement of this document, without regard to conflicts of laws. Any dispute arising from the alleged breach of this agreement shall be submitted to arbitration conducted by the American Arbitration Association in Virginia, Maryland or the District of Columbia, saving application to any court of competent jurisdiction for immediate, temporary and permanent injunctive relief, the parties agreeing that money damages are not adequate relief for material breaches of this agreement, and that the Mark Owner is at risk for immediate and irreparable damage upon any material breach by the Mark User. The parties further agree that the prevailing party in any arbitration or court action is entitled to recover reasonable attorney's fees, cost and expense.
7. <u>Severability</u>: In the event any provision of this document is deemed to be unenforceable or void as against public policy, it shall not affect the validity or enforceability of the remaining provisions.
8. <u>Limited Release</u>: Upon the continue satisfactory performance of all terms of this agreement, Mark Owner shall release the Mark User of all liability for the

unauthorized use of the Registered Marks that occurred prior to April 1, 2021, PROVIDED, however, that Mark User shall have a continuing duty to indemnify and hold Mark Owner harmless for any and all claims, damages and reasonable attorney fees incurred because of third-party claims made against Mark Owner arising from the Mark User's activities prior to April 1, 2021.

AGREED AND ACCEPTED, by:

Witness:

Mark Owner: Panah Abrahimov

_____

_____

Witness

Dated:_____

Mark User:

_____

By:_____

Printed Name:_____

Dated: _____