| | |
|---|---|
| **To:** | PANAH IBRAHIMOV (caglar@caglarlaw.com) |
| **Subject:** | U.S. Trademark Application Serial No. 90337819 - KITCHEN AND BATH SHOP - N/A |
| **Sent:** | May 16, 2021 02:10:41 PM |
| **Sent As:** | ecom110@uspto.gov |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |
| | Attachment - 11 |
| | Attachment - 12 |
| | Attachment - 13 |
| | Attachment - 14 |
| | Attachment - 15 |
| | Attachment - 16 |
| | Attachment - 17 |
| | Attachment - 18 |
| | Attachment - 19 |
| | Attachment - 20 |
| | Attachment - 21 |
| | Attachment - 22 |
| | Attachment - 23 |
| | Attachment - 24 |

**United States Patent and Trademark Office (USPTO)**
**Office Action (Official Letter) About Applicant's Trademark Application**

**U.S. Application
Serial No.** 90337819

**Mark:** KITCHEN
AND BATH SHOP

**Correspondence
Address:**
METIN CAGLAR
CAGLAR LAW
FIRM PC
2 WEST 46TH
STREET, 15TH FL
SUITE 1501
NEW YORK, NY
10036

**Applicant:** PANAH
IBRAHIMOV

Reference/Docket
**No.** N/A

**Correspondence
Email Address:**

caglar@caglarlaw.com

# NONFINAL OFFICE ACTION

The USPTO must receive applicant's response to this letter within  six months of the issue date below or the application will be **abandoned**. Respond using the Trademark Electronic Application System (TEAS).  A link to the appropriate TEAS response form appears at the end of this Office action.

**Issue date:  May 16, 2021**

 The referenced application has been reviewed by the assigned trademark examining attorney.  Applicant must respond timely and completely to the issues below.  15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

SUMMARY OF ISSUES:

- MERELY DESCRIPTIVENESS REFUSAL: THE APPLIED-FOR MARK IS MERELY DESCRIPTIVE OF A FEATURE OF THE APPLICANT'S SERVICES
- SPECIMEN REFUSAL: PARTICULAR COLORS IN MARK IN STOREFRONT SPECIMEN DO NOT MATCH COLORS IN MARK DRAWING
- SPECIMEN REFUSAL: PRINTER'S PROOFS DO SHOW USE OF APPLIED-FOR MARK IN COMMERCE
- SPECIMEN REFUSAL: WEB PAGE SPECIMEN LACKS REQUIRED FULL URL & DATE OF ACCESS OR PRINT
- COLOR CLAIM & MARK DESCRIPTION REQUIREMENT: ACCURATE COLOR CLAIM & MARK DESCRIPTION REQUIRED

**SEARCH RESULTS**

 The trademark examining attorney searched the USPTO database of registered and pending marks and found no conflicting marks that would bar registration under Trademark Act Section 2(d).  15 U.S.C. §1052(d); TMEP §704.02.

However, applicant must respond to the issues below.

**MERELY DESCRIPTIVENESS REFUSAL: THE APPLIED-FOR MARK IS MERELY DESCRIPTIVE OF A FEATURE OF THE APPLICANT'S SERVICES**

Registration is refused because the applied-for mark merely describes a feature of applicant's services.  Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); *see* TMEP §§1209.01(b), 1209.03 *et seq.*

Applicant's  mark is "KITCHEN AND BATH SHOP" in stylized form for "Retail building supply store services featuring Cabinets, tile, countertops, flooring, bathroom supplies."

A mark is merely descriptive if it describes an ingredient, quality, characteristic, function, feature, purpose, or use of an applicant's  services.  TMEP §1209.01(b); *see, e.g., In re TriVita, Inc.*, 783 F.3d 872, 874, 114 USPQ2d 1574, 1575 (Fed. Cir. 2015) (quoting *In re Oppedahl & Larson LLP*, 373 F.3d 1171, 1173, 71 USPQ2d 1370, 1371 (Fed. Cir. 2004)); *In re Steelbuilding.com*, 415 F.3d 1293, 1297, 75 USPQ2d 1420, 1421 (Fed. Cir. 2005) (citing *Estate of P.D. Beckwith, Inc. v. Comm'r of Patents* , 252 U.S. 538, 543 (1920)).

The determination of whether a mark is merely descriptive is made in relation to an applicant's  services, not in the abstract.  *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1254, 103 USPQ2d 1753, 1757 (Fed. Cir. 2012); *In re The Chamber of Commerce of the U.S.*, 675 F.3d 1297, 1300, 102 USPQ2d 1217, 1219 (Fed. Cir. 2012); TMEP §1209.01(b).  "Whether  consumers could guess what the product [or service] is from consideration of the mark alone is not the test."  *In re Am. Greetings Corp.*, 226 USPQ 365, 366 (TTAB 1985).

"A  mark may be merely descriptive even if it does not describe the 'full  scope and extent' of the applicant's  goods or services."  *In re*

*Oppedahl & Larson LLP*, 373 F.3d 1171, 1173, 71 USPQ2d 1370, 1371 (Fed. Cir. 2004) (citing *In re Dial-A-Mattress Operating Corp.*, 240 F.3d 1341, 1346, 57 USPQ2d 1807, 1812 (Fed. Cir. 2001)); TMEP §1209.01(b).  It is enough if a mark describes only one significant function, attribute, or property.  *In re The Chamber of Commerce of the U.S.*, 675 F.3d 1297, 1300, 102 USPQ2d 1217, 1219 (Fed. Cir. 2012); TMEP §1209.01(b); *see In re Oppedahl & Larson LLP*, 373 F.3d at 1173, 71 USPQ2d at 1371.

In this instance, the mark identifies a feature of the applicant's services, namely that the services are in the nature of a store or commercial establishment that features goods for use in the kitchen and bathroom. Specifically, the attached evidence from the dictionary shows that the word "kitchen" means "a place (such as a room) with cooking facilities," the word "bath" means "bathroom," which is "a room containing a bathtub or shower and usually a sink and toilet," and the word "shop" means "a building or room stocked with merchandise for sale : STORE."

When combined this wording is at best merely descriptive of applicant's store services that feature merchandise for the kitchen and bathroom.  *In re Fat Boys Water Sports LLC*, 118 USPQ2d 1511, 1516 (TTAB 2016) (citing *In re Tower Tech, Inc.*, 64 USPQ2d 1314, 1317-18 (TTAB 2002)); TMEP §1209.03(d); *see, e.g.*, *Apollo Med. Extrusion Techs., Inc. v. Med. Extrusion Techs., Inc.*, 123 USPQ2d 1844, 1851 (TTAB 2017) (holding MEDICAL EXTRUSION TECHNOLOGIES merely descriptive of medical extrusion goods produced by employing medical extrusion technologies); *In re Cannon Safe, Inc.*, 116 USPQ2d 1348, 1351 (TTAB 2015) (holding SMART SERIES merely descriptive of metal gun safes); *In re King Koil Licensing Co.*, 79 USPQ2d 1048, 1052 (TTAB 2006) (holding THE BREATHABLE MATTRESS merely descriptive of beds, mattresses, box springs, and pillows).

To further illustrate the descriptiveness of the applied-for mark in connection with the applicant's services, the examining attorney has attached evidence from the City Bathrooms, Cosentino, Dream Kitchen and Bath Shop, Decker's Granite & Cabinet Shop and Atlantic Kitchen & Bath web sites, which show third-party use of the wording "kitchen and bathroom shop", "kitchen and bathroom store" and "kitchen and bath shop" to describe a store or commercial establishment that features merchandise for the kitchen and bathroom (emphasis added)

- "Operating from our popular **kitchen and bathroom shop** in Coventry, we provide a complete design and installation service **for kitchens and bathroom renovations**." (City Bathrooms web site)

- "The Centres combine the functions of warehouse, **brand and product showroom**, and sales network." and "These facilities are home to a dynamic programme of training courses, specialised according to the different professionals that attend them: stone masons, architects, interior designers, design professionals, and **kitchen and bathroom shop** owners" (Cosentino web site)

- "Dream **Kitchen and Bath Shop**" and "We believe in redecorating and redesigning **your kitchen and bathroom spaces** so that you can have the functionality you need and the look you desire." (Dream Kitchen and Bath Shop web site)

- "Full service **Kitchen and Bath Shop** and Showroom," "Turn your **kitchen** from 'Drab to Fab'" and "Ready for you own 'spa **bathroom**'? We can help." (Decker's Granite & Cabinet Shop web site)

- "ONE STOP **KITCHEN AND BATHROOM STORE** IN CHANTILLY" and "In our Chantilly, VA showroom, **we offer a great selection of kitchen cabinets, bathroom vanities, countertops, tiles and more**." (Atlantic Kitchen & Bath web site)

Collectively, this evidence shows that the combination of the wording "kitchen," "bath" and "shop" is understood to describe a store or commercial establishment that features merchandise for the kitchen and bathroom, including applicant's "Retail building supply store services featuring Cabinets, tile, countertops, flooring, bathroom supplies."

Lastly, while the applicant's mark is stylized and in color, stylized descriptive wording is registrable only if the stylization creates a commercial impression separate and apart from the impression made by the wording itself.  *See In re Cordua Rests., Inc.*, 823 F.3d 594, 606, 118 USPQ2d 1632, 1639-40 (Fed. Cir. 2016); *In re Northland Aluminum Prods., Inc.*, 777 F.2d 1556, 1561, 227 USPQ 961, 964 (Fed. Cir. 1985); TMEP §1209.03(w).  Common and ordinary lettering with minimal stylization, as in this case, is generally not sufficiently striking, unique, or distinctive as to make an impression on purchasers separate from the wording.  *See In re Sadoru Grp., Ltd.*, 105 USPQ2d 1484, 1487 (TTAB 2012).

CONCLUSION

In sum, applicant's mark " KITCHEN AND BATH SHOP" is merely descriptive, and registration is properly refused on the Principal Register under Section 2(e)(1) of the Trademark Act.

RESPONSE OPTIONS

Although applicant's  mark has been refused registration, applicant may respond to the refusal by submitting evidence and arguments in support of registration.

In addition to being merely descriptive, the applied-for mark appears to be generic in connection with the identified services.  "A generic mark, being the 'ultimate in descriptiveness,' cannot acquire distinctiveness"  and thus is not entitled to registration on either the Principal or Supplemental Register under any circumstances.  *In re La. Fish Fry Prods., Ltd.*, 797 F.3d 1332, 1336, 116 USPQ2d 1262, 1264 (Fed. Cir. 2015) (quoting *H. Marvin Ginn Corp. v. Int'l Ass'n of Fire Chiefs, Inc.*, 782 F.2d 987, 989, 228 USPQ 528, 530 (Fed. Cir. 1986)); *see* TMEP §§1209.01(c) *et seq.*, 1209.02(a).  Therefore, the trademark examining attorney cannot recommend that applicant amend the application to proceed under Trademark Act Section 2(f) or on the Supplemental Register as possible response options to this refusal.  *See* TMEP §1209.01(c).

Please note the additional grounds for refusal below.

## SPECIMEN REFUSAL: PARTICULAR COLORS IN MARK IN STOREFRONT SPECIMEN DO NOT MATCH COLORS IN MARK DRAWING

Registration is refused because the storefront specimen does not show the mark in the drawing in use in commerce in International Class 35, which is required in the application or amendment to allege use.  Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a), 1301.04(g)(i).  The mark appearing on the specimen and in the drawing must match; that is, the mark in the drawing "must be a substantially exact representation of the mark" on the specimen.  *See* 37 C.F.R. §2.51(a)-(b); TMEP §807.12(a).

In this case, the storefront specimen displays the mark with the wording "KITCHEN" and "BATH" in white  .  However, the drawing displays the mark with the wording "KITCHEN" and "BATH" in gray  .  The mark on the specimen does not match the mark in the drawing because the colors are different.  Applicant has thus failed to provide the required evidence of use of the mark in commerce.  *See* TMEP §807.12(a).

**Response options.**  Applicant may respond to this refusal by satisfying one of the following:

(1)    **Submit a new drawing of the mark** that shows the mark on the specimen and, if appropriate, an amendment of the description and/or color claim that agrees with the new drawing.  *See* 37 C.F.R. §2.72(a)-(b).  The following amended color claim and description is suggested, if accurate:

Color claim:  "The colors **red and white** are claimed as a feature of the mark."

Description:  "The mark consists of the stylized wording "KITCHEN & BATH SHOP" with the words "KITCHEN" and "BATH"  ***in white*** and the ampersand symbol and the word "SHOP" in red;  ***the color white in the background represents transparent and is not a feature of the mark***."

Applicant may amend the mark in the drawing to match the mark on the specimen but may not make any other changes or amendments that would materially alter the drawing of the mark.  *See* 37 C.F.R. §2.72(a)-(b); TMEP §807.14.

(2)    **Submit a different specimen** (a verified "substitute" specimen ) for each applicable international class that (a) shows the mark in the drawing in actual use in commerce for the services in the application or amendment to allege use, and (b) was in actual use in commerce at least as early as the filing date of the application or prior to the filing of an amendment to allege use.

**Examples of specimens.**  Specimens for services must show a direct association between the mark and the services and include: (1) copies of advertising and marketing material, (2) a photograph of business signage or billboards, or (3) materials showing the mark in the sale, rendering, or advertising of the services.  *See* 37 C.F.R. §2.56(b)(1), (c); TMEP §1301.04(a), (h)(iv)(C).

Any webpage printout or screenshot submitted as a specimen must include the webpage's URL and the date it was accessed or printed on the specimen itself, within the TEAS form that submits the specimen, or in a verified statement under 37 C.F.R. §2.20 or 28 U.S.C. §1746 in a later-filed response.  *See* 37 C.F.R. §2.56(c); TMEP §§904.03(i), 1301.04(a).

For more information about drawings and instructions on how to satisfy these response options using the online Trademark Electronic Application System (TEAS) form, see the Drawing webpage.

Please see the additional specimen refusal below regarding the advertisements specimens.

## SPECIMEN REFUSAL: PRINTER'S PROOFS DO SHOW USE OF APPLIED-FOR MARK IN COMMERCE

Registration is refused because the specimens appear to be printer's proof s (the specimens consisting of the advertisements), and do not show the applied-for mark as actually used in commerce in International Class 35.  Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a), (c); TMEP §§904.04(a), 904.07(a), 1301.04(a), (g)(i).  An application based on Trademark Act Section 1(a) must include a specimen showing the applied-for mark as actually used in commerce for each international class of services identified in the application or amendment to allege use.  15 U.S.C. §1051(a)(1); 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a).

A printer's proof is not a proper specimen for services because it does not show the mark as actually used in commerce.  37 C.F.R. §2.56(c); *see* 15 U.S.C. §1127; *In re The Signal Cos.*, 228 USPQ 956, 957-58 n.4 (TTAB 1986).  Printer's proofs, generally, are preliminary copies of documents used to make corrections before publication and are not disseminated to the public.

In this case, the specimens consisting of the advertisements (the specimens other than the image of the storefront and the web page) contain text such as advertisement order, print and delivery information, which indicates that the advertisements submitted as printer's proofs rather than an actual scanned copy or image of the applicant's advertisements circulated in commerce.

Thus, the advertisement specimens appear to be printer's proofs and are not acceptable.

**Examples of specimens.**  Specimens for services must show a direct association between the mark and the services and include:  (1) copies of advertising and marketing material, (2) a photograph of business signage or billboards, or (3) materials showing the mark in the sale, rendering, or advertising of the services.  *See* 37 C.F.R. §2.56(b)(2), (c); TMEP §1301.04(a), (h)(iv)(C).

Any webpage printout or screenshot submitted as a specimen must include the webpage's URL and the date it was accessed or printed on the specimen itself, within the TEAS form that submits the specimen, or in a verified statement under 37 C.F.R. §2.20 or 28 U.S.C. §1746 in a later-filed response.  *See* 37 C.F.R. §2.56(c); TMEP §§904.03(i), 1301.04(a).

**Response options.**  Applicant may respond to this refusal by satisfying one of the following for each applicable international class:

   (1)  Submit a different specimen (a verified "substitute" specimen ) that (a) was in actual use in commerce at least as early as the filing date of the application or prior to the filing of an amendment to allege use and (b) shows the mark in actual use in commerce for the services identified in the application or amendment to allege use.  A "verified substitute specimen" is a specimen that is accompanied by the following statement made in a signed affidavit or supported by a declaration under 37 C.F.R. §2.20:  "The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce at least as early as the filing date of the application or prior to the filing of the amendment to allege use."  The substitute specimen cannot be accepted without this statement.

   (2)  Amend the filing basis to intent to use under Section 1(b) (which includes withdrawing an amendment to allege use, if one was filed), as no specimen is required before publication.  This option will later necessitate additional fee(s) and filing requirements, including a specimen.

For an overview of the response options referenced above and instructions on how to satisfy these options using the online Trademark Electronic Application System (TEAS) form, see the Specimen webpage.

Please see the additional specimen refusal below regarding the web page specimen.

### SPECIMEN REFUSAL: WEB PAGE SPECIMEN LACKS REQUIRED FULL URL & DATE OF ACCESS OR PRINT

Registration is refused because the web page specimen is not acceptable as a webpage specimen; it lacks the required URL and date printed/accessed.  *See* 37 C.F.R. §2.56(c); TMEP §§904.03(i), 1301.04(a).  Thus, it is unclear whether the specimen shows the applied-for mark in actual use in commerce.  *See* Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.03(g), 904.07(a).  An application based on Trademark Act Section 1(a) must include a specimen showing the applied-for mark as actually used in commerce for each international class of services identified in the application or amendment to allege use.  15 U.S.C. §1051(a)(1); 37 C.F.R. §2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a).

Any webpage printout or screenshot submitted as a specimen must include the webpage's URL and the date it was accessed or printed on the specimen itself, within the TEAS form that submits the specimen, or in a verified statement under 37 C.F.R. §2.20 or 28 U.S.C. §1746 in a later-filed response.  *See* 37 C.F.R. §2.56(c); TMEP §§904.03(i), 1301.04(a).  Because the webpage specimen lacks the associated URL and access or print date on it, within the TEAS form used to submit the specimen, or in a verified statement in a later-filed response, it is unacceptable to show use of the mark in commerce.  TMEP §§904.03(i), 1301.04(a).

**Examples of specimens.**  Specimens for services must show a direct association between the mark and the services and include:  (1) copies of

advertising and marketing material, (2) a photograph of business signage or billboards, or (3) materials showing the mark in the sale, rendering, or advertising of the services.  *See* 37 C.F.R. §2.56(b)(2), (c); TMEP §1301.04(a), (h)(iv)(C).

**Response options.**  Applicant may respond to this refusal by satisfying one of the following for each applicable international class:

(1)     Submit a verified statement, in a signed affidavit or supported by a declaration under 37 C.F.R. §2.20 or 28 U.S.C. §1746, specifying the URL of the original webpage specimen and the date it was accessed or printed.

(2)     Submit a different specimen (a verified "substitute" specimen ), including the URL and date accessed/printed directly on the specimen itself or in a separate statement, that (a) was in actual use in commerce at least as early as the filing date of the application or prior to the filing of an amendment to allege use and (b) shows the mark in actual use in commerce for the services identified in the application or amendment to allege use.  Applicant must also submit the following statement made in a signed affidavit or supported by a declaration under 37 C.F.R. §2.20:  "The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce at least as early as the filing date of the application or prior to the filing of the amendment to allege use."

(3)     Amend the filing basis to intent to use under Section 1(b) (which includes withdrawing an amendment to allege use, if one was filed), as no specimen is required before publication.  This option will later necessitate additional fee(s) and filing requirements, including a specimen.

For an overview of the response options referenced above and instructions on how to satisfy these options using the online Trademark Electronic Application System (TEAS) form, see the Specimen webpage.

If the applicant responds to the refusals above, the applicant must also respond to the requirement below.

**COLOR CLAIM & MARK DESCRIPTION REQUIREMENT: ACCURATE COLOR CLAIM & MARK DESCRIPTION REQUIRED**

First, applicant must amend the color claim and description to accurately identify all the colors in the drawing of the mark.  *See* 37 C.F.R. §2.52(b)(1); TMEP §807.07(a)-(a)(ii).  Specifically, it appears that the color "black" should be amended to the color "gray" in the color claim and mark description. A complete color claim must accurately reference all the colors appearing in the drawing of the mark.  *See* 37 C.F.R. §2.52(b)(1); TMEP §§807.07(a) *et seq.*  Similarly, a complete description of a mark depicted in color must accurately specify where the colors appear in the literal and design elements of the mark.  *See* 37 C.F.R. §§2.37, 2.52(b)(1); TMEP §§807.07(a) *et seq.*

Second, while the color claim references "white," the current mark description does not include the color white. Therefore, the applicant must clarify whether the color white is claimed as a feature of the mark. That is, if the color white appearing in the mark represents background, outlining, shading, and/or transparent areas and are not part of the mark, applicant must so specify in the description.  *See* TMEP §807.07(d).

Lastly, the current description is inconsistent with the mark on the drawing and thus is inaccurate.  37 C.F.R. §2.37; see TMEP §§808.01, 808.02. Specifically, the current description references the word "And"; however, the word "And" does not appear in the mark drawing. Thus, the mark description must be amended to describe the ampersand symbol instead of the word that the symbol represents.

The following color claim and description are suggested, *if accurate*:

Color claim:  "**The colors red, white and gray are claimed as a feature of the mark.**"

Description:  "**The mark consists of the stylized wording "KITCHEN & BATH SHOP" with the words "KITCHEN" and "BATH" in gray and the ampersand symbol and the word "SHOP" in red; all of the foregoing on a white background.** "

**RESPONSE GUIDELINES**

For this application to proceed, applicant must explicitly address each refusal and/or requirement in this Office action.  For a refusal, applicant may provide written arguments and evidence against the refusal, and may have other response options if specified above.  For a requirement, applicant should set forth the changes or statements.  Please see " Responding to Office Actions " and the informational  video "Response to Office Action " for more information and tips on responding.

The applicant may call or email the assigned trademark examining attorney with specific questions about this Office action.  Although an examining attorney cannot provide legal advice, the examining attorney can provide additional explanation about the refusal(s) and/or requirement(s) in this Office action.  *See* TMEP §§705.02, 709.06.

The USPTO does not accept emails as responses to Office actions; however, emails can be used for informal communications and are included in the application record. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

**How to respond.  Click to file a response to this nonfinal Office action.**

/Deborah L. Meiners/
Attorney Advisor
Law Office 110
(571) 272-8993
Deborah.Meiners@USPTO.gov

## RESPONSE GUIDANCE

- **Missing the response deadline to this letter will cause the application to abandon.**  A response or notice of appeal must be received by the USPTO before midnight **Eastern Time** of the last day of the response period.  TEAS and ESTTA maintenance or unforeseen circumstances could affect an applicant's ability to timely respond.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon.**  If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant.  If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find contact information for the supervisor** of the office or unit listed in the signature block.









https://city-bathrooms.com/huge-kitchen-transformation/          05/16/2021 01:43:59 PM



02476365877 | ✉ citybaths@gmail.com

HOME    GET A QUOTE    KITCHENS    BATHROOMS    BEDROOMS    ABOUT US    BLOG

ALL KITCHEN & BATHROOM OFFERS        NEED FINANCE?        CONTACT US

## Huge kitchen transformation

City Bathrooms and Kitchens        Kitchens        Huge kitchen transformation

JUN
**22**

*Posted by jakeilson |*

### Huge kitchen transformation

In this case study, you can see the kind of huge transformation that we can undertake to dramatically improve a kitchen for you.

Operating from our popular kitchen and bathroom shop in Coventry, we provide a complete design and installation service for kitchens and bathroom

Visit our kitchen showroom to speak to one of our helpful and friendly team about your project.







https://city-bathrooms.com/huge-kitchen-transformation/        05/16/2021 01:43:59 PM





https://city-bathrooms.com/huge-kitchen-transformation/          05/16/2021 01:43:59 PM











  

**ABOUT US**

At City Bathrooms, Kitchens & Bedrooms in Coventry affordable, quality products are at the heart of each and every project we complete. Expertly fitted to ensure they stand the tests of time.

Our friendly, highly skilled team of professional kitchen and bathroom specialists are ready to take on any project. With our 'no job to big or small' attitude we're ready for any challenge.

**SERVICES**

Professional installation of:

Bathrooms

Kitchens

Bedrooms

Shower Rooms

Wetrooms

A wide range of products and installations available to view in our store

**OPENING TIMES**

Monday: 8am-5pm

Tuesday: 8am-5pm

Wednesday: 8am-5pm

Thursday: 8am-5pm

Friday: 8am 5pm

Saturday: 9am-5pm

Sunday: 10am-4pm

Late nights and private viewings available by prior arrangement

**CONTACT US**

City Bathrooms

158 Longford Road

Coventry

CV6 6DR

T. 02476 365877

E. citybaths@gmail.com

**AREAS WE COVER**

Coventry, Warwick, Leamington Spa, Solihull, Kenilworth, Nuneaton, Hinkley, Bedworth, Stratford Upon Avon, Rugby

LET'S CHAT!

Online

LET'S CHAT!

Online







https://www.dreamkitchenandbathshop.com/          05/16/2021 01:58:29 PM

4801 A Virginia Beach Boulevard, Virginia Beach, VA 23462    |    757-233-2085    |    info@dreamkitchenandbathshop.com

Get a Quote

dream kitchen & bath SHOP

HOME    SERVICES    GALLERY    TESTIMONIALS    CONTACT US

01

**Building Your
Custom Dream Kitchen
Or Bathroom Is Our Specialty**

Contact Us

https://www.dreamkitchenandbathshop.com/        05/16/2021 01:58:29 PM



## What We Do

We believe in redecorating and redesigning your kitchen and bathroom spaces so that you can have the functionality you need and the look you desire.

Learn More

Basement

Outdoor Kitchen

Kitchen



Welcome To

# Dream Kitchen And Bath Shop

Dream Kitchen and Bath Shop offers remodeling and design services for your kitchens, bathrooms, and closet spaces. We also take on projects for your Basement Areas and bedrooms. Our team will design within your budget and we are happy to offer up the 12 months of 0% financing to help you achieve your dream room.

https://www.dreamkitchenandbathshop.com/        05/16/2021 01:58:29 PM



## Our Story

Our commitment lies in offering you our wide range of modern, traditional and classic kitchen-bathroom makeover services. We offer a wide range of remodeling options, you can build your dream kitchen, bathroom and closets with our experts. Our team handles projects in Virginia Beach, Norfolk, Chesapeake, Portsmouth, Suffolk, Hampton and Newport News.

Learn More

https://www.dreamkitchenandbathshop.com/          05/16/2021 01:58:29 PM





https://www.dreamkitchenandbathshop.com/          05/16/2021 01:58:29 PM



Testimonials

## Client Reviews

Wow!! I can't say enough good things about this company! Hannah was super responsive and helpful with assisting us in choosing the materials for remodeling our bathroom. The installers were on time, very professional, and nice. Our bathroom looks incredible! We will definitely be using them to remodel our kitchen next year.

- Rachel Sipes

https://www.dreamkitchenandbathshop.com/          05/16/2021 01:58:29 PM



We offer free estimates

## Call Us: 757-233-2085

**Dream Kitchen and Bath Shop**
4801 A Virginia Beach Boulevard
Virginia Beach, VA 23462
Phone: 757-233-2085
E-mail: info@dreamkitchenandbathshop.com

Message us on WhatsApp

**Business Hours**
Monday – Friday: 9:00 AM – 6:00 PM
Saturday: 10:00 AM – 5:00 PM
Sunday: Closed

Home
Services
Gallery
Testimonials
Contact Us
Privacy Policy

© 2021, Dream Kitchen and Bath Shop. All Rights Reserved.

https://www.hudsonshowroom.com/          05/16/2021 02:02:38 PM



Full service Kitchen and Bath Shop and Showroom

https://www.hudsonshowroom.com/          05/16/2021 02:02:38 PM

If you are tired of the 'big box' stores and their mark-ups, or find the 'warehouses' uninspiring - come see us for personalized service at a great value.

What We Do

# 5 Star Service at Affordable Prices

**5 Star Service at Affordable Prices** isn't just our tag line - it's who we are.
Remodeling, renovation or new construction can be stressful - let us take the worry out of it.



Kitchens



Bathrooms



Cabinets

https://www.hudsonshowroom.com/            05/16/2021 02:02:38 PM

Kitchens

Take your kitchen from "Drab to Fab"

Bathrooms

Ready for your own "spa bathroom"? We can help.

Cabinets

Top Quality, Solid Wood, Made in USA cabinets from the factory to your door

Let's Talk

What Our

## Clients Say.

Laura P

Excellent customer service and the products are high standards. Love my new bathroom cabinets and granite. Thank you so much. I highly recommend their company.

https://www.hudsonshowroom.com/          05/16/2021 02:02:38 PM

Associations & Partnerships





Call Us

(727) 868-0669

Address

7008 Clark St,
Hudson, FL 34667

Powered by Artful Pussycat Web Solutions





| | |
|---|---|
| **To:** | PANAH IBRAHIMOV ([caglar@caglarlaw.com](caglar@caglarlaw.com)) |
| **Subject:** | U.S. Trademark Application Serial No. 90337819 - KITCHEN AND BATH SHOP - N/A |
| **Sent:** | May 16, 2021 02:10:43 PM |
| **Sent As:** | ecom110@uspto.gov |
| **Attachments:** | |

### United States Patent and Trademark Office (USPTO)

## USPTO OFFICIAL NOTICE

Office Action (Official Letter) has issued
on **May 16, 2021** for
### U.S. Trademark Application Serial No. 90337819

Your trademark application has been reviewed by a trademark examining attorney.  As part of that review, the assigned attorney has issued an official letter that you must respond to by the specified deadline or your application will be abandoned.  Please follow the steps below.

**(1)  Read the official letter.**

**(2)  Direct questions** about the contents of the Office action to the assigned attorney below.


/Deborah L. Meiners/
Attorney Advisor
Law Office 110
(571) 272-8993
Deborah.Meiners@USPTO.gov


Direct questions about navigating USPTO electronic forms, the USPTO website, the application process, the status of your application, and/or whether there are outstanding deadlines or documents related to your file to the Trademark Assistance Center (TAC).

**(3)  Respond within 6 months** (or earlier, if required in the Office action) from **May 16, 2021**, using the Trademark Electronic Application System (TEAS).  The response must be received by the USPTO before midnight **Eastern Time** of the last day of the response period.  See the Office action for more information about how to respond


## GENERAL GUIDANCE
·   **Check the status of your application periodically** in the Trademark Status & Document Retrieval (TSDR) database to avoid missing critical deadlines.

·   **Update your correspondence email address**, if needed, to ensure you receive important USPTO notices about your application.

·   **Beware of misleading notices sent by private companies about your application.**  Private companies not associated with the USPTO use public information available in trademark registrations to mail and email trademark-related offers and notices – most of which require fees.  All **official USPTO correspondence** will only be **emailed from the domain "@uspto.gov."**