| | |
|---|---|
| **To:** | PANAH IBRAHIMOV (caglar@caglarlaw.com) |
| **Subject:** | U.S. Trademark Application Serial No. 90337819 - KITCHEN AND BATH SHOP - N/A |
| **Sent:** | December 18, 2021 12:51:27 PM |
| **Sent As:** | ecom110@uspto.gov |
| **Attachments:** | |

**United States Patent and Trademark Office (USPTO)**
**Office Action (Official Letter) About Applicant's Trademark Application**

**U.S. Application Serial No.** 90337819

**Mark:** KITCHEN & BATH SHOP

**Correspondence Address:**
METIN CAGLAR
CAGLAR LAW FIRM PC
2 WEST 46TH STREET, 15TH FL
SUITE 1501
NEW YORK NY 10036

**Applicant:** PANAH IBRAHIMOV

**Reference/Docket No.** N/A

**Correspondence Email Address:**

caglar@caglarlaw.com

# NONFINAL OFFICE ACTION

The USPTO must receive applicant's response to this letter within  six months  of the issue date below or the application will be **abandoned**.  Respond using the Trademark Electronic Application System (TEAS).  A link to the appropriate TEAS response form appears at the end of this Office action.

**Issue date:  December 18, 2021**

 **INTRODUCTION**

This Office action is in response to applicant's communication filed on October 20, 2021.

In a previous Office action dated May 16, 2021, the trademark examining attorney refused registration of the applied-for mark based on the following:  Merely Descriptiveness Refusal: The Applied-for Mark is Merely Descriptive of a Feature of the Applicant's Services, Specimen Refusal: Particular Color in Mark Storefront Specimen do not Match Colors in Mark Drawing, Specimen Refusal: Printer's Proof Do not Show use of Applied-for Mark in Commerce and Specimen Refusal: Web Page Specimen Lacks Required Full URL & Date of Access or Print.  In addition, applicant was required to satisfy the following requirement:  Color Claim & Mark Description Requirement: Accurate Color Claim & Mark Description Required.

Based on applicant's response, the trademark examining attorney notes that the following requirement is **satisfied**: Color Claim & Mark Description Requirement: Accurate Color Claim & Mark Description Required.  *See* TMEP §713.02.

Additionally, the following refusals are also **obviated**:  Specimen Refusal: Particular Color in Mark Storefront Specimen do not Match Colors in Mark Drawing, Specimen Refusal: Printer's Proof Do not Show use of Applied-for Mark in Commerce and Specimen Refusal: Web Page Specimen Lacks Required Full URL & Date of Access or Print.  *Id.*

However, based on the applicant's response, there are **two new issues** and the trademark examining attorney **maintains and continues** the refusal in the alternative in the summary of issues below.  *Id.*

SUMMARY OF ISSUES:

- NEW ISSUE: THE APPLIED-FOR MARK IS GENERIC

- REFUSAL MAINTAINED & CONTINUED IN THE ALTERNATIVE: THE APPLIED-FOR MARK IS MERELY DESCRIPTIVE OF A FEATURE OF THE APPLICANT'S SERVICES

- NEW ISSUE: SECTION 2(f) CLAIMS OF ACQUIRED DISTINCTIVENESS BASED ON YEARS OF USE & EVIDENCE IS INSUFFICIENT

**NEW ISSUE: THE APPLIED-FOR MARK IS GENERIC**

Registration was initially refused under Trademark Act Section 2(e)(1) because the applied-for mark is merely descriptive of applicant's services.  15 U.S.C. §1052(e)(1).  Applicant was also advised that the mark appears to be generic as well.  In response, applicant amended the application to add a claim of acquired distinctiveness under Section 2(f).  15 U.S.C. §1052(f).

Registration is now refused because the applied-for mark is generic for applicant's  services.  Trademark Act Sections 1, 2, 3, and 45, 15 U.S.C. §§1051, 1052, 1053, 1127; *see* TMEP §§1209.01(c) *et seq.*, 1209.02(a)(ii).  Thus, applicant's  claim of acquired distinctiveness under Section 2(f) is insufficient to overcome the refusal because "generic  terms cannot be rescued by proof of distinctiveness or secondary meaning no matter how voluminous the proffered evidence may be."  *Royal Crown Co. v. Coca-Cola Co.*, 892 F.3d 1358, 1365, 127 USPQ2d 1041, 1045 (Fed. Cir. 2018) (quoting *In re Northland Aluminum Prods.*, 777 F.2d 1556, 1558, 227 USPQ2d 961, 962 (Fed. Cir. 1985)); *see* TMEP §1212.02(i).

"A mark is generic if its primary significance to the relevant public is the class or category of goods or services on or in connection with which it is used."  TMEP §1209.01(c)(i) (citing *H. Marvin Ginn Corp. v. Int'l Ass'n  of Fire Chiefs, Inc.*, 782 F.2d 987, 989-90, 228 USPQ 528, 530 (Fed. Cir. 1986); *In re ActiveVideo Networks, Inc.*, 111 USPQ2d 1581, 1600 (TTAB 2014)).  Determining whether a mark is generic requires a two-step inquiry:

    (1)     What is the genus of services at issue?

    (2)     Does the relevant public understand the designation primarily to refer to that genus of services?

*In re Cordua Rests., Inc.*, 823 F.3d 594, 599, 118 USPQ2d 1632, 1634 (Fed. Cir. 2016) (citing *H. Marvin Ginn Corp. v. Int'l  Ass'n  of Fire Chiefs*, *Inc.*, 782 F.2d at 990, 228 USPQ at 530); TMEP §1209.01(c)(i).

Applicant's mark is "KITCHEN & BATH SHOP" in stylized form for "Retail building supply store services featuring Cabinets, tile, countertops, flooring, bathroom supplies."

Regarding the first part of the inquiry, the genus of the services may be defined by an applicant's  identification of services.  *See In re Cordua Rests., Inc.*, 823 F.3d at 602, 118 USPQ2d at 1636 (citing *Magic Wand Inc. v. RDB Inc.*, 940 F.2d 638, 640, 19 USPQ2d 1551, 1552 (Fed. Cir. 1991)); *see also In re 1800Mattress.com IP, LLC*, 586 F.3d 1359, 1361, 1363, 92 USPQ2d 1682, 1682, 1684 (Fed. Cir. 2009).

In this case, the application identifies the services as "Retail  building supply store services featuring Cabinets, tile, countertops, flooring, bathroom supplies," which adequately defines the genus at issue.

Regarding the second part of the inquiry, the relevant public is the purchasing or consuming public for the identified services.  *The Loglan Inst. Inc. v. The Logical Language Grp.*, 962 F.2d 1038, 1041, 22 USPQ2d 1531, 1533 (Fed. Cir. 1992) (quoting *Magic Wand Inc. v. RDB Inc.*, 940

F.2d at 640, 19 USPQ2d at 1553).  In this case, the relevant public comprises ordinary consumers who seek out applicant's type of services because there are no restrictions or limitations to the channels of trade or classes of consumers.

The evidence of record from the dictionary and the City Bathrooms, Cosentino, Dream Kitchen and Bath Shop, Decker's Granite & Cabinet Shop and Atlantic Kitchen & Bath web sites show that the wording "KITCHEN & BATH SHOP" in the applied-for mark means a store that sells products for the kitchen and bathroom, and thus the relevant public would understand this designation to refer primarily to that genus of services because the applicant's services are in the nature of a store that sells products for the kitchen and bathroom.

Specifically, the previously attached evidence from the dictionary showed that the word "kitchen" means "a place (such as a room) with cooking facilities," the word "bath" means "bathroom," which is "a room containing a bathtub or shower and usually a sink and toilet," and the word "shop" means "a building or room stocked with merchandise for sale: STORE."

Additionally, the previously attached evidence from the City Bathrooms, Cosentino, Dream Kitchen and Bath Shop, Decker's Granite & Cabinet Shop and Atlantic Kitchen & Bath web sites, showed third-party use of the wording "kitchen and bathroom shop", "kitchen and bathroom store" and "kitchen and bath shop" to identify a store or commercial establishment that features merchandise for the kitchen and bathroom (emphasis added):

- "Operating from our popular **kitchen and bathroom shop** in Coventry, we provide a complete design and installation service **for kitchens and bathroom renovations**." (City Bathrooms web site)

- "The Centres combine the functions of warehouse, **brand and product showroom**, and sales network." and "These facilities are home to a dynamic programme of training courses, specialised according to the different professionals that attend them: stone masons, architects, interior designers, design professionals, and **kitchen and bathroom shop** owners" (Cosentino web site)

- "Dream **Kitchen and Bath Shop**" and "We believe in redecorating and redesigning **your kitchen and bathroom spaces** so that you can have the functionality you need and the look you desire." (Dream Kitchen and Bath Shop web site)

- "Full service **Kitchen and Bath Shop** and Showroom," "Turn your **kitchen** from 'Drab to Fab'" and "Ready for you own 'spa **bathroom**'? We can help." (Decker's Granite & Cabinet Shop web site)

- "ONE STOP **KITCHEN AND BATHROOM STORE** IN CHANTILLY" and "In our Chantilly, VA showroom, **we offer a great selection of kitchen cabinets, bathroom vanities, countertops, tiles and more**." (Atlantic Kitchen & Bath web site)

Collectively, this evidence showed that the combination of the wording "kitchen," "bath" and "shop" is understood by consumers to mean a store or commercial establishment that features merchandise for the kitchen and bathroom.

Lastly, the applied-for mark shows the wording in stylized lettering.  Stylized generic wording is registrable only if the stylization creates a commercial impression separate and apart from the impression made by the wording itself.  *See In re Cordua Rests., Inc.*, 823 F.3d 594, 606, 118 USPQ2d 1632, 1639-40 (Fed. Cir. 2016); *In re Northland Aluminum Prods., Inc.*, 777 F.2d 1556, 1561, 227 USPQ 961, 964 (Fed. Cir. 1985); TMEP §1209.03(w).  Common and ordinary lettering with minimal stylization, as in this case, is generally not sufficiently striking, unique, or distinctive as to make an impression on purchasers separate from the wording.  *See In re Sadoru Grp., Ltd.*, 105 USPQ2d 1484, 1487 (TTAB 2012).

CONCLUSION

In sum, applicant's mark is "KITCHEN & BATH SHOP" is generic and registration is properly refused under Section 2(e)(1) of the Trademark Act.

Please note the refusal maintained and continued in the alternative below.

**REFUSAL MAINTAINED & CONTINUED IN THE ALTERNATIVE: THE APPLIED-FOR MARK IS MERELY DESCRIPTIVE OF A FEATURE OF THE APPLICANT'S SERVICES**

In the alternative, if the applied-for mark is ultimately determined not to be generic by an appellate tribunal, then the refusal of registration based on the applied-for mark being merely descriptive of applicant's services is maintained and continued for the reasons specified in the previous

Office action. Trademark Act Section 2(e)(1), 15 U.S.C. §1052(e)(1); *see* TMEP §§1209.01(b), 1209.03 *et seq.*

APPLICANT'S ARGUMENT IS NOT PERSUASIVE

In its response, the applicant argues that the applied-for mark "is not merely descriptive of the goods or services but is rather only suggestive." However, as previously stated, applicant's claim of acquired distinctiveness in the response is a concession that the mark sought to be registered is merely descriptive of applicant's services. *In re Virtual Indep. Paralegals, LLC*, 2019 USPQ2d 111512, at *9 (TTAB 2019) (citing *Cold War Museum, Inc. v. Cold War Air Museum, Inc.*, 586 F.3d 1352, 1358, 92 USPQ2d 1626, 1629 (Fed. Cir. 2009); *Yamaha Int'l Corp. v. Hoshino Gakki Co.*, 840 F.2d 1572, 1577, 6 USPQ2d 1001, 1005 (Fed. Cir. 1988); *In re Am. Furniture Warehouse Co.*, 126 USPQ2d 1400, 1403 (TTAB 2018)). Thus, the applicant's argument that the applied-for mark is suggestive is not persuasive.

CONCLUSION

In sum, applicant's mark is "KITCHEN & BATH SHOP" is merely descriptive in the alternative and registration is properly refused in the alternative under Section 2(e)(1) of the Trademark Act.

Please note the additional new issue below.

**NEW ISSUE: SECTION 2(f) CLAIMS OF ACQUIRED DISTINCTIVENESS BASED ON YEARS OF USE & EVIDENCE IS INSUFFICIENT**

With respect to applicant's claims of acquired distinctiveness, the following evidence was provided in support of such claim: a statement that "the mark had five years of substantially exclusive and continuous use by the applicant" and evidence consisting of advertising and marketing expenditures and third-party media coverage. *See* 37 C.F.R. §2.41.

Specifically, the applicant submits that is has "put a significant amount of time, money, and effort into his mark," amounting more than $2 million in expenditures, submitted media coverage from four media sources, and submitted a statement that "the mark had five years of substantially exclusive and continuous use by the applicant."

If the applied-for mark is ultimately determined to be merely descriptive and not generic, the Section 2(f) evidence is insufficient to show acquired distinctiveness because of the following:

- DATES OF USE DO NOT SUPPORT FIVE YEARS OF USE- Applicant's Trademark Act Section 2(f) claim based on five years' use is insufficient to show acquired distinctiveness because applicant's dates of use of the mark indicate that applicant has not actually used the mark in commerce for the requisite time period. *See* 15 U.S.C. §1052(f). For this claim to be accepted, applicant's substantially exclusive and continuous use of the mark in commerce that the U.S. Congress may lawfully regulate must have been for at least five years before the date on which the claim is made. 15 U.S.C. §1052(f); 37 C.F.R. §2.41(a)(2); TMEP §1212.05. And such use must have been in a type of commerce that may be regulated by the U.S. Congress. *See* 15 U.S.C. §§1052(f), 1127.

    In the present case, applicant asserted a claim of acquired distinctiveness on October 20, 2021. Five years prior to this date would be approximately October 20, 2016. However, the date of first use in commerce specified in the application is January 1, 2018, which is less than five years prior to the date the distinctiveness claim was made.

    In this case, however the USPTO will not accept a verified statement of five years' use alone to establish distinctiveness because applicant's mark is highly descriptive of the services, in the alternative. *See In re La. Fish Fry Prods., Ltd.,* 797 F.3d 1332, 1336-37, 116 USPQ2d 1262, 1265 (Fed. Cir. 2015); *In re Virtual Indep. Paralegals, LLC*, 2019 USPQ2d 111512, at *11-12 (TTAB 2019); TMEP §1212.05(a). A more descriptive term requires more evidence. *Royal Crown Co. v. Coca-Cola Co.*, 892 F.3d 1358, 1365, 127 USPQ2d 1041, 1045 (Fed. Cir. 2018) (citing *In re Steelbuilding.com*, 415 F.3d 1293, 1300, 75 USPQ2d 1420, 1424 (Fed. Cir. 2005)).

- APPLIED-FOR MARK IS HIGHLY DESCRIPTIVE IN THE ALTERNATIVE- The amount and character of evidence required to establish acquired distinctiveness under Trademark Act Section 2(f) depends on the facts of each case and particularly on the nature of the mark sought to be registered. *In re Gen. Mills IP Holdings II, LLC*, 124 USPQ2d 1016, 1018 (TTAB 2017) (citing *Roux Labs., Inc. v. Clairol Inc.*, 427 F.2d 823, 829, 166 USPQ 34, 39 (C.C.P.A. 1970); *In re Hehr Mfg. Co.*, 279 F.2d 526, 528, 126 USPQ 381, 383 (C.C.P.A. 1960)); TMEP §1212.01.

    An applicant's evidentiary burden of showing acquired distinctiveness increases with the level of descriptiveness of the mark sought to be registered; a more descriptive term requires more evidence. *Royal Crown Co. v. Coca-Cola Co.*, 892 F.3d 1358, 1365, 127 USPQ2d 1041, 1045 (Fed. Cir. 2018) (citing *In re Steelbuilding.com*, 415 F.3d 1293, 1300, 75 USPQ2d 1420, 1424 (Fed. Cir. 2005)).

In this case, applicant's evidence is insufficient to show acquired distinctiveness because, as the previously attached evidence demonstrates, the applied-for mark is highly descriptive of applicant's services, in the alternative. *See In re MetPath Inc.*, 1 USPQ2d 1750, 1751-52 (TTAB 1986); TMEP §1212.06. That is, the evidence consisting of advertising and marketing expenditures and third-party media coverage is not dispositive of applicant's claim. *See* 15 U.S.C. §1052(f). Applicant's extensive sales and promotion may demonstrate the commercial success of applicant's services, but not that relevant consumers view the matter as a mark for these services. *See In re Boston Beer Co.*, 198 F.3d 1370, 1371-73, 53 USPQ2d 1056, 1057-58 (Fed. Cir. 1999); *In re Busch Entm't Corp.*, 60 USPQ2d 1130, 1132-34 (TTAB 2000). Similarly, applicant's advertising expenditures are merely indicative of its efforts to develop distinctiveness; not evidence that the mark has acquired distinctiveness. *See In re Pennzoil Prods. Co.*, 20 USPQ2d 1753, 1757-58 (TTAB 1991).

An applicant's evidentiary burden of showing acquired distinctiveness increases with the level of descriptiveness of the mark sought to be registered; as in this case, a more descriptive term requires more evidence. *Royal Crown Co. v. Coca-Cola Co.*, 892 F.3d 1358, 1365, 127 USPQ2d 1041, 1045 (Fed. Cir. 2018) (citing *In re Steelbuilding.com*, 415 F.3d 1293, 1300, 75 USPQ2d 1420, 1424 (Fed. Cir. 2005)). As the mark in this case is highly descriptive, applicant's evidence is not sufficient to show acquired distinctiveness.

Applicant may respond by providing additional evidence of acquired distinctiveness. *See* TMEP §1212.02(g). When determining whether the evidence shows the mark has acquired distinctiveness, the trademark examining attorney will consider the following six factors: (1) association of the mark with a particular source by actual purchasers (typically measured by customer surveys linking the name to the source); (2) length, degree, and exclusivity of use; (3) amount and manner of advertising; (4) amount of sales and number of customers; (5) intentional copying; and (6) unsolicited media coverage. *See Converse, Inc. v. ITC*, 909 F.3d 1110, 1120, 128 USPQ2d 1538, 1546 (Fed. Cir. 2018) ("the *Converse* factors"). "[N]o single factor is determinative." *In re Steelbuilding.com*, 415 F.3d at 1300, 75 USPQ2d at 1424; *see* TMEP §§1212.06 *et seq.* Rather, all factors are weighed together in light of all the circumstances to determine whether the mark has acquired distinctiveness. *In re Steelbuilding.com*, 415 F.3d at 1300, 75 USPQ2d at 1424. This evidence must demonstrate that the relevant public understands the primary significance of the mark as identifying the *source* of applicant's product or service rather than identifying the product or service itself. *In re Steelbuilding.com*, 415 F.3d at 1297, 75 USPQ2d at 1422.

Please also note that "generic terms cannot be rescued by proof of distinctiveness or secondary meaning no matter how voluminous the proffered evidence may be." *Id.* at 1370, 127 USPQ2d at 1048 (quoting *In re Northland Aluminum Prods.*, 777 F.2d 1556, 1558, 227 USPQ2d 961, 962 (Fed. Cir. 1985)); *see* TMEP §1212.02(i).

CONCLUSION

In sum, applicant's claims of acquired distinctiveness based on years of use and evidence are sufficient, and thus the refusal to register the mark under Section 2(e)(1) of the Trademark Act because the applied-for mark is merely descriptive is maintained and continued in the alternative, as noted in the refusal above.

**RESPONSE GUIDELINES**

For this application to proceed, applicant must explicitly address each refusal and/or requirement in this Office action. For a refusal, applicant may provide written arguments and evidence against the refusal, and may have other response options if specified above. For a requirement, applicant should set forth the changes or statements. Please see "Responding to Office Actions" and the informational video "Response to Office Action" for more information and tips on responding.

Please call or email the assigned trademark examining attorney with questions about this Office action. Although an examining attorney cannot provide legal advice, the examining attorney can provide additional explanation about the refusal(s) and/or requirement(s) in this Office action. *See* TMEP §§705.02, 709.06.

The USPTO does not accept emails as responses to Office actions; however, emails can be used for informal communications and are included in the application record. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

**How to respond.  Click to file a response to this nonfinal Office action.**

/Deborah L. Meiners/
Attorney Advisor
Law Office 110
(571) 272-8993
Deborah.Meiners@USPTO.gov

**RESPONSE GUIDANCE**

- **Missing the response deadline to this letter will cause the application to abandon.** A response or notice of appeal must be received by the USPTO before midnight **Eastern Time** of the last day of the response period. TEAS and ESTTA maintenance or unforeseen circumstances could affect an applicant's ability to timely respond.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon.** If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant. If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find contact information for the supervisor** of the office or unit listed in the signature block.

| | |
|---|---|
| **To:** | PANAH IBRAHIMOV (caglar@caglarlaw.com) |
| **Subject:** | U.S. Trademark Application Serial No. 90337819 - KITCHEN AND BATH SHOP - N/A |
| **Sent:** | December 18, 2021 12:51:30 PM |
| **Sent As:** | ecom110@uspto.gov |
| **Attachments:** | |

### United States Patent and Trademark Office (USPTO)

### USPTO OFFICIAL NOTICE

Office Action (Official Letter) has issued
on **December 18, 2021** for
**U.S. Trademark Application Serial No. 90337819**

A USPTO examining attorney has reviewed your trademark application and issued an Office action.  You must respond to this Office action in order to avoid your application abandoning.  Follow the steps below.

**(1)  Read the Office action HERE.**  This email is NOT the Office action.

**(2)  Respond to the Office action by the deadline** using the Trademark Electronic Application System (TEAS).  Your response must be received by the USPTO on or before 11:59 p.m. **Eastern Time** of the last day of the response period.  Otherwise, your application will be abandoned.  See the Office action itself regarding how to respond.

**(3)  Direct general questions** about using USPTO electronic forms, the USPTO website, the application process, the status of your application, and whether there are outstanding deadlines to the Trademark Assistance Center (TAC).

After reading the Office action, address any question(s) regarding the specific content to the USPTO examining attorney identified in the Office action.

## GENERAL GUIDANCE

· **Check the status** of your application periodically in the Trademark Status & Document Retrieval (TSDR) database to avoid missing critical deadlines.

· **Update your correspondence email address** to ensure you receive important USPTO notices about your application.

· **Beware of misleading notices sent by private companies about your application.**  Private companies not associated with the USPTO may mail or email you trademark-related offers and notices – most of which require fees.  The USPTO will only email **official USPTO correspondence from the domain "@uspto.gov."**

· **Hiring a U.S.-licensed attorney.**  If you do not have an attorney and are not required to have one under the trademark rules, we encourage you to hire a U.S.-licensed attorney specializing in trademark law to help guide you through the registration process.  The USPTO examining attorney identified above is not your attorney and cannot give you legal advice, but rather works for and represents the USPTO in trademark matters.